### DAVIS v. COHEN.

1. INNKEEPERS—STATUTES—CONSTRUCTION.
   Statute limiting liability of innkeeper (2 Comp. Laws 1929, § 8803) is in derogation of common law, and must be strictly construed.

2. APPEAL AND ERROR—EVIDENCE—SAVING QUESTION FOR REVIEW.
   Error in admission of hearsay testimony may not be considered by Supreme Court, where it was received without objection.

On liability of innkeeper for loss of money, jewelry or other valuables of his guest left with him for safe keeping, see annotation in 53 A. L. R. 1050.

3. INNKEEPERS—GUESTS—BAILMENTS—DEMAND—WAIVER.

 Formal demand by guest for return of property left with innkeeper was waived by his statement to guest's husband, in response to inquiry, in effect, that he could not and would not comply with demand for its return.

4. SAME—PRIMA FACIE CASE—DUTY OF DEFENDANT TO GO FORWARD WITH EVIDENCE.

 In action by guest under 2 Comp. Laws 1929, § 8804, for value of property left with innkeeper, *prima facie* case was made by showing that property was left in innkeeper's possession and refusal or neglect to return on demand, and it was upon defendant to go forward with evidence and show that loss was not caused by theft or negligence of himself or any of his servants.

5. SAME—PLAINTIFF'S PRIMA FACIE CASE MUST BE MET BY DEFENDANT.

 In said action, mere statement in plaintiff's proof that loss was due to robbery does not exonerate defendant, and his failure to prove that robbery was not committed by him or any of his servants entitled plaintiff to recover.

Error to Van Buren; Warner (Glenn E.), J. Submitted January 13, 1931. (Docket No. 94, Calendar No. 35,300.)  Decided February 27, 1931.

Case by Mollye Davis against Irving I. Cohen for the value of property left with him as innkeeper. Judgment for plaintiff.  Defendant brings error. Affirmed.

*David Anderson,* for plaintiff.

*W. J. Barnard* and *George F. Classon,* for defendant.

CLARK, J.  Plaintiffs Davis were guests in defendant's hotel.  They left a diamond and some money in the hotel safe, which were not returned.  Having heard a rumor that a robbery of the safe was being

asserted by defendant, Mr. Davis asked defendant what he was going to do about it. Defendant replied that the safe had been robbed, and the matter was for the insurance company.

Nearly a year later plaintiffs began this suit asking judgment for value of the property. Mr. Davis was dropped as a party. Mrs. Davis had verdict and judgment for $250 (maximum amount under statute, 2 Comp. Laws 1915, § 6929 [2 Comp. Laws 1929, § 8803]). Defendant brings error.

Liability is asserted, and defended against, under the statute and not under the common law, on assumed or perhaps conceded compliance with the statute. Beale on Innkeepers, § 413. Our statute limiting the liability of an innkeeper is in derogation of the common law, and must be strictly construed. 14 R. C. L. pp. 528, 529; *Rubenstein* v. *Cruikshanks,* 54 Mich. 199 (52 Am. Rep. 806); *Stoll* v. *Almon C. Judd Co.,* 106 Conn. 551 (138 Atl. 479, 53 A. L. R. 1042).

Testimony of unsworn statements, hearsay, was received without objection. Hence, no point as to its competency is considered here. *Hadden* v. *Shortridge,* 27 Mich. 211.

A more formal demand by plaintiff for the property was waived by defendant by his stating, in response to plaintiff's above inquiry, in effect, that he could not and would not comply with such demand. *Galvin* v. *Galvin Brass & Iron Works,* 81 Mich. 16.

Plaintiff made a *prima facie* case by showing the property in defendant's possession and refusal or neglect to return on demand. *Benjamin* v. *Colonial Hotel Co.,* 268 Pa. 459 (112 Atl. 54, 20 N. C. C. A. 590); *Huckins Hotel Co.* v. *Hooper,* 44 Okla. 307 (144 Pac. 177); *Baehr* v. *Downey,* 133 Mich. 163 (103 Am. St. Rep. 444); *Thomas Canning Co.* v. *Railway Co.,* 211 Mich. 326; 32 C. J. p. 560.

Accordingly, it would be upon defendant to go forward with the evidence to show that the loss was not caused ''by the theft or negligence of the innkeeper or any of his servants'' (quoting from 2 Comp. Laws 1915, § 6930 [2 Comp. Laws 1929, § 8804], limiting liability of innkeepers), but defendant contends this not applicable here as plaintiff in making her case and in her effort to show demand or waiver thereof, adduced evidence that the cause of the loss was a robbery, and, in effect, established affirmatively that defendant is not liable.

The onus of exoneration upon a defendant, after the making of *prima facie* case against him, as stated by the statute, is to show that the loss was not caused ''by the theft or negligence of the innkeeper or any of his servants.''

It is considered that the word robbery was used in its commonly accepted sense as a theft or larceny of property from the person or in the immediate presence of another, accomplished by violence or putting in fear.

The mere statement in plaintiff's proof that the loss was due to a robbery is not an exoneration of defendant. It must be further shown (omitting the matter of negligence, not argued in briefs) that defendant or any of his servants was not the robber.

So when plaintiff rested, having made a *prima facie* case, defendant was not exonerated by her having adduced some evidence of the naked fact of robbery. It was upon defendant to go forward with evidence as stated.

Defendant was the only defense witness. His testimony is that he was told of the robbery; that he was not in the hotel when it happened, and came upon call an hour or two later. There was no exoneration of his employees.

There was failure of proof respecting exoneration. Plaintiff established her case, a *prima facie* case, sufficient to sustain verdict, and which was not overthrown by evidence of defendant. *Purity Ice Cream Co.* v. *Adams Express Co.,* 217 Mich. 593; 49 C. J. p. 1347.

Remaining assignments examined present no reversible error.

Affirmed.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.