PEOPLE *v.* JOHN HADDAD.

1. CRIMINAL LAW—WAIVER OF JURY TRIAL.
    A defendant in a prosecution for crime may waive trial by jury in a court of record (3 Comp. Laws 1929, § 17131).

2. SAME—JURY TRIAL—WAIVER.
    One accused of crime who, when his case was reached for trial by jury, waived his right to jury trial, whereupon the case was placed upon the nonjury docket, was not denied constitutional right to jury trial when his request for jury trial was refused at time case was reached for trial on nonjury docket (Const. 1908, art. 2, § 13; 3 Comp. Laws 1929, § 17131).

3. SAME—RIGHT TO COUNSEL.

Defendant at trial on charge of resisting an officer who had been represented by counsel at the time of arraignment and for some time thereafter but who withdrew, and refused court's offer to provide counsel, and never requested appointment of counsel by the court, may not complain of failure to be represented by counsel since he had a right to defend himself against the accusation *in propria personam* and voluntarily did so (Const. 1908, art. 2, § 19).

4. SAME—QUESTIONING OF WITNESSES—TRIAL.

Trial for resisting an officer was fairly conducted where defendant who defended *in propria personam* was afforded every opportunity to question the people's witnesses and three witnesses testified for the defense.

Appeal from St. Clair; Stewart (Shirley), J. Submitted June 21, 1943. (Docket No. 99, Calendar No. 42,092.) Decided October 11, 1943. Rehearing denied November 29, 1943.

John Haddad was convicted of resisting an officer. Affirmed.

*Fitzgerald, Hogue, O'Leary & Reardon (Paul B. Mayrand,* of counsel), for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Fred W. George, Jr.,* Prosecuting Attorney, for the people.

BOYLES, C. J. Defendant was convicted by the court without a jury on an information charging him with resisting an officer in the performance of his duty, namely, attempting to execute a writ of replevin. On appeal, the claimed errors assigned for reversal, in the language of appellant's brief, are consolidated as follows:

"Did the court err in refusing to allow defendant the right to withdraw a waiver of a trial by jury

when a request was made before any witnesses were called and sworn?''

''Did the court err in the question of defendant's right to a fair and impartial trial and were his rights to be represented by counsel violated?''

The information was filed May 9, 1941, and the defendant was arraigned in circuit court on that date. Plea of not guilty was entered and defendant came up for trial in regular course at the October, 1941, jury term of court for St. Clair county. On October 30th the defendant, on advice of counsel, waived trial by jury and his trial was set for the ensuing April term of said court, on the nonjury docket. On April 13, 1942, when defendant came up for trial before the circuit judge without a jury the following occurred:

*"The Court:* Mr. Haddad, have you a lawyer?
*"A.* No.
*"The Court:* Some months ago when the jury was here your mother was advised to get a lawyer. You were offered a lawyer in case you didn't have any. Unless you have something to say why we should not proceed this morning we will go ahead, Mr. George.
*"Mr. Haddad:* I'd like to get a jury trial anyway.
*"The Court:* You say, you would like a jury trial. Well, Mr. Haddad, when the jury was here to try your case and your mother's case last fall, on advice of your lawyer you waived trial by jury. Your mother asked for a jury trial the other day and after considering it the court came to the conclusion that it would be a very poor precedent to set in your case or anybody's case to admit a waiver of trial by jury and then permit a withdrawal. Unless you have some circumstances which would make me believe that they should deviate from this rule, I can't give you a trial by jury because it would, in my

opinion and judgment, set a bad precedent in other cases here to follow. I would have to do the same as I did with you. If it were my natural inclination, I would prefer to have you tried by a jury. That is what I would like to do. I am sorry that I cannot do it unless you have some reason other than. that that has been given.''

The ruling was proper under the circumstances. At the October jury term the defendant had waived trial by jury, at a time when jury trial might be allowed. He had the right to do so. 3 Comp. Laws 1929, § 17131 (Stat. Ann. § 28.856).

''He need not enjoy the right of a speedy and public trial by an impartial jury if he does not want to.'' *Attorney General, ex rel. O'Hara,* v. *Montgomery,* 275 Mich. 504, 539.

As a result, defendant's case was set for trial on the nonjury docket at the April term. At the opening of his trial before the court at that time, while discussing the lack of counsel, the defendant said ''I'd like to get a jury trial anyway.'' To grant this request would have merely resulted in a continuance until a jury was present, at which time the defendant again might have waived a jury trial, as he would have the right to do. Carried to the extreme, such a procedure would delay trial indefinitely. With each change from jury to nonjury docket, or vice versa, the accused might reverse his position as a ruse to delay trial. In this case, six months had elapsed since the defendant had waived jury trial, and nearly a year since his arraignment. The orderly procedure of courts for the prompt trial of criminal cases does not require more than was done by the court in this case. Defendant's constitutional rights were not violated.*

---

* See Const. 1908, art. 2, § 13.—REPORTER.

Defendant's other claim of error refers to his failure to be represented by counsel. He had ample time and opportunity to have counsel. At the time of arraignment and for some time thereafter, the defendant was represented by counsel, who withdrew. The court's offer to provide counsel, as early as the October term, was refused. At no time did the defendant request the appointment of counsel by the court. An accused person has the right to have counsel for defense. Michigan Const. (1908), art. 2, § 19. This does not mean at public expense, but is a guarantee of the right of the accused. *People* v. *Williams,* 225 Mich. 133; *People* v. *Crandell,* 270 Mich. 124. Had the defendant so requested, the court might and apparently would have appointed counsel for him. 3 Comp. Laws 1929, § 17486 (Stat. Ann. § 28.1253). The defendant had the right to appear and defend himself against the accusation, *in propria personam,* and voluntarily pursued that course. He cannot now successfully claim reversible error because he did so.

The record before us shows that the circuit judge at the trial afforded the defendant every opportunity to question the people's witnesses, and that three witnesses testified for the defense. The trial was fairly conducted.

Conviction affirmed.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.