PEOPLE *v.* PIOTROWSKI.

1. Criminal Law—Conviction—Miscarriage of Justice.
   A conviction of crime will not be reversed unless there was such error committed at trial as to deprive the defendant of substantial rights or to result in a miscarriage of justice (CL 1948, § 769.26).

2. Same—Waiver of Jury—Plea of Guilty Refused—Continuation.
   Continuation of trial for breaking and entering an occupied dwelling with intent to commit larceny and assault with intent to rob unarmed to conviction by judge sitting as trier of fact

References for Points in Headnotes
[1, 3, 5] 5 Am Jur 2d, Appeal and Error § 867.
[2, 4] 21 Am Jur 2d, Criminal Law § 219.

pursuant to jury waiver after examination of defendant by same judge in course of trial to determine voluntariness of attempted plea of guilty to lesser included offense and refusal to accept such plea, in which trial defendant elected not to testify, *held,* not to have deprived defendant of substantial rights (CL 1948, § 750.88, and § 750.110, as amended by PA 1964, No 133).

3. APPEAL AND ERROR—OBJECTION—SAVING QUESTION FOR REVIEW.

The court of appeals will not be moved to set aside a properly conducted trial and conviction in a case where, after the defendant, during the course of trial to court without jury for breaking and entering an occupied dwelling with intent to commit larceny and assault with intent to rob unarmed, attempted to plead guilty to a lesser included offense, and after the trial judge had examined him and refused to accept his plea, the trial proceeded to conviction before the same judge without objection to the continuation of the proceedings (CL 1948, § 750.88, and § 750.110, as amended by PA 1964, No 133).

4. CRIMINAL LAW—WAIVER OF JURY—GUILTY PLEA REJECTED.

Waiver of jury trial by defendant, charged with breaking and entering a dwelling with intent to commit larceny and assault with intent to rob unarmed, given freely with benefit of counsel, *held,* not to be rescinded by attempt to plead guilty to lesser included offense which was refused after examination by the court (CL 1948, § 750.88, and § 750.110, as amended by PA 1964, No 133).

5. SAME—INTENT—EVIDENCE.

Record *held,* to contain ample evidence to support verdict of guilty of breaking and entering an occupied dwelling with intent to commit larceny and assault with intent to rob unarmed, as against contention of defendant that at the time of commission of acts complained of, he was in such mental condition that he lacked the intent requisite to the crimes charged (CL 1948, § 750.88, and § 750.110, as amended by PA 1964, No 133).

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 May 11, 1966, at Detroit. (Docket No. 1,251.) Decided October 11, 1966.

Clarence Piotrowski was convicted of breaking and entering an occupied dwelling with intent to

commit larceny and assault with intent to rob unarmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Tom Downs,* for defendant.

RASHID, J. This case comes before us upon defendant's appeal from a denial of his motion for a new trial.

Defendant pled not guilty to an information with 2 counts, breaking and entering an occupied dwelling with intent to commit larceny[1] and assault with intent to rob unarmed.[2] The trial was commenced on July 7, 1965, without a jury, a waiver of jury trial having been duly signed by defendant and made a part of the record. The record clearly shows that throughout the trial proceedings defendant had the benefit of counsel. After the first two witnesses were called by the prosecutor, defendant offered to plead guilty to a lesser offense and the following colloquy took place between the trial court and the defendant:

"*The Court:* Is your name Clarence Piotrowski?
"*Defendant:* Yes, sir.
"*The Court:* Your counsel informs me you wish to withdraw your plea of not guilty to the 2 counts in the information.

"The first count is breaking and entering an occupied dwelling with intent to commit larceny.

---

[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).—REPORTER.
[2] CL 1948, § 750.88 (Stat Ann 1962 Rev § 28.283).—REPORTER.

"The second count is assault with intent to rob unarmed.

"Each carries 15 years.

"You wish to enter a plea of guilty to attempted breaking and entering an occupied dwelling, which carries a possible maximum of 5 years; is that right?

"*Defendant:* Yes, sir.

"*The Court:* You heard the detective, and you heard Mrs. Hoffman explain the circumstances, you heard Mrs. Hoffman identify you as the one who was in her dwelling house; is that right?

"*Defendant:* Yes, sir.

"*The Court:* And you took some money, pocketbook, and so on?

"*Defendant:* That's what I understand, sir.

"*The Court:* Well, did you?

"*Defendant:* Yes, I imagine I did.

"*The Court:* Well, you know you did, don't you?

"*Defendant:* Well, I haven't much of a memory on that date.

"*The Court:* Well, if you can't remember it, I can't take your plea. You will have to stand trial.

"*Defendant:* I have a vague memory of it, yes. Yes, I do.

"*The Court:* Well, now, I want to know. We are here for trial. Your trial is started.

"*Defendant:* Yes, sir, I'm guilty of it. It was me.

"*The Court:* You know whether or not you ran out of there.

"*Defendant:* Yes, sir.

"*The Court:* Where were you arrested?

"*Defendant:* Next door.

"*The Court:* Where?

"*Defendant:* My brother and sister's house.

"*The Court:* In your brother and sister's house?

"*Defendant:* Yes.

"*The Court:* Was the pocketbook recovered?

"*Officer Hartner:* Yes, sir, in a trash can.

"*The Court:* Is that where you threw it?

"*Defendant:* Yes, sir.

"*The Court:* Well, if you have no memory—Were you drinking?

"*Defendant:* I had been drinking that day to a certain extent, yes.

"*The Court:* Well, that's a question of fact, I don't know. If you plead guilty, you got to plead guilty with intent.

"*Defendant:* I plead guilty to it, sir.

"*The Court:* How did you get in?

"*Defendant:* I got in through the side door.

"*The Court:* Was it locked?

"*Defendant:* Yes.

"*The Court:* Did you force it?

"*Defendant:* I don't know if I did. I had some kind of a thing—I don't know if it was a screwdriver or what it was.

"*The Court:* What?

"*Defendant:* I think it was a screwdriver.

"*Officer Hartner:* He broke the window with a screwdriver, sir.

"*The Court:* Did you find the screwdriver?

"*Officer Hartner:* Yes, sir, in the same trash can with the purse.

"*The Court:* The trash can was between the house and—

"*Officer Hartner:* Down the alley, yes, sir.

"*The Court:* How far away from the family?

"*Officer Hartner:* Right next door. It's a duplex.

"*The Court:* How long had you lived there?

"*Defendant:* Four days.

"*Officer Hartner:* He was staying there.

"*The Court:* Have you ever been arrested and convicted?

"*Defendant:* Yes.

"*The Court:* For what?

"*Defendant:* Several occasions.

"*The Court:* How did you get the idea? Did you plan this? Did you plan to rob her?

"*Defendant:* No, sir, it wasn't planned at all,

*"The Court:* All right, I cannot take your plea. Go through a trial. There's no use. I can't take the plea.

*"Defendant:* No, sir, I'm just a little nervous, that's all.

*"The Court:* I can't help it. You stand up here and say, 'I must have,' and so on. Sit down, and we will get all the testimony, and then I'll arrive at a verdict.

*"Defendant:* Sir, I'm—

*"The Court:* I am not going to take your plea. Sit down."

The court then proceeded to hold a complete trial on the merits and found defendant guilty on both counts. Defendant did not testify during the trial.

In support of his motion for a new trial, defendant makes the following assignments of error:

1. Prejudicial error was committed by the trial court, sitting as the trier of fact, in failing to disqualify himself after listening to the incriminating statements of defendant during the examination on the plea of guilty.

2. The trial court's rejection of the plea of guilty rescinded the waiver of a trial by jury.

3. From the evidence presented, it was incumbent on the trial court to find defendant lacked the requisite intent to commit the alleged crimes.

Defendant contends his right to a fair and impartial trial was prejudiced when the trial judge, sitting as the trier of fact, failed to disqualify himself after having heard the incriminating statements of defendant during the examination, pursuant to statute,[3] to determine the voluntariness of the offered plea of guilty.

We have here an unusual situation where a defendant, represented by counsel, who had waived

---

[3] See CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058).

his constitutional right to a jury trial, offered a plea of guilty to a lesser offense after the commencement of a trial on the merits and after the testimony of two witnesses had been taken. The court, sitting as the trier of fact and law, rejected the plea of defendant after an examination, pursuant to statute, and ordered a continuation of the trial. No question was raised at this point by defense counsel of whether the trial court was qualified to hear and determine the merits of the case. Defendant was found guilty as charged. It is within this peculiar set of circumstances that we are called upon to decide whether defendant was denied a fair and impartial trial.

It is not questioned that defendant had properly waived his right of trial by jury under CL 1948, § 763.3 (Stat Ann 1954 Rev § 28.856).

If defendant's contention is to be regarded as sound, the trial court, sitting as the trier of fact, would be bound to disqualify himself and have the matter set down for trial before another judge. However, what is there to prevent a defendant from again pleading guilty during the second trial? Thus, the trial judge is obligated to examine defendant again before accepting the plea. An ingenious defendant may again phrase his answer, as here, in such a manner as to require the court's rejection of the plea. To uphold defendant's contention the trial court would, again, be obliged to disqualify himself. This process, carried to its extreme, would delay the trial of a defendant indefinitely.

The instant situation is analogous to that found in *People* v. *John Haddad* (1943), 306 Mich 556 where the trial court refused to grant the request of defendant, therein, for a withdrawal of his previous waiver of a jury trial after the case had come

up for trial on the nonjury docket.   The Court said in *John Haddad, supra,* at p 559:

"To grant this request would have merely resulted in a continuance until a jury was present, at which time the defendant again might have waived a jury trial, as he would have the right to do.   Carried to the extreme, such a procedure would delay ·trial indefinitely."

To accept defendant's contention that the trial judge must automatically disqualify himself under the present circumstances will invariably lead to the same problems of delay which were sought to be avoided in *John Haddad, supra.*  See, also, *People v. Chesbro* (1942), 300 Mich 720; *People v. Turner* (1952), 333 Mich 547.

Furthermore, no objection was raised by the defense of the trial court's failure to disqualify himself.   This question was not raised until after defendant's conviction and sentence.   We recently said in *People v. Willis* (1965), 1 Mich App 428 at 431:

"The defense cannot wait until the completion of trial, conviction and sentence, then search the examination proceedings for error on which to appeal.   This Court will not be moved to set aside a properly conducted trial and verdict when the facts clearly indicate defense has done nothing to preserve right of appeal in the record."

A conviction will not be reversed unless there was such error committed at trial as to deprive the defendant of substantial rights or resulted in a miscarriage of justice.[4]  *People v. Pizzino* (1945), 313 Mich 97.   Under the peculiar facts and circumstances of this case, it cannot be said that defendant has been denied any substantial rights.

---

4 See CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).—REPORTER.

Defendant also contends that the trial court's refusal to accept his plea of guilty to the lesser offense served to rescind the previous waiver of a jury trial. This contention is presented here without cited authority. We, also, have been unable to find authority for this proposition. However, we find that the trial court's rejection of the plea had no affect on defendant's waiver of a trial by jury, freely given with the benefit of counsel.

It is the final contention of defendant that, at the time of the commission of the acts complained of, he was in such a mental condition that he lacked the requisite criminal intent.

This contention is wholly unsupported by the record. It will suffice here to say that there was ample evidence to support the verdict. This Court will not disturb a verdict unless it is unsupported by the evidence. *People* v. *Floyd* (1966), 2 Mich App 168; *People* v. *Dye* (1959), 356 Mich 271.

Affirmed.

LESINSKI, C. J., and T. G. KAVANAGH, JJ., concurred.