### PEOPLE v. McPHERSON

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—COURT
RULES.

  A motion to withdraw a plea of guilty was properly denied
  where the plea was entered in 1958; the defendant was rep-
  resented by counsel; defendant indicated to the court that
  his plea was made freely and voluntarily and because he was
  guilty; the transcript indicates that the trial judge complied
  with the applicable court rule as then worded; and the motion
  to withdraw the plea was filed some ten years after the plea
  was given. (Court Rule No 35A [1945].)

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur2d, Criminal Law §§ 503–506.

Withdrawal of plea of guilty and substitution of plea of not guilty
  after conviction. 146 ALR 1430.

Appeal from Wayne, Frank Fitzgerald and James Montante, JJ. Submitted Division 1 May 4, 1970, at Grand Rapids. (Docket No. 6,915.) Decided June 23, 1970. Leave to appeal denied February 18, 1971. 384 Mich 808.

Willie James McPherson was convicted, on his plea of guilty, of having carnal knowledge of a female under 16. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Arnold P. Garber,* for defendant on appeal.

Before: Fitzgerald, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J. On December 10, 1958, defendant entered a plea of guilty to the charge of carnal knowledge of a female under the age of 16. MCLA § 750.520 (Stat Ann 1954 Rev § 28.788). At that time defendant was represented by counsel. Defendant indicated to the court that his plea was being made freely and voluntarily and because he was, in fact, guilty.

Some ten years later defendant filed a motion to withdraw his plea of guilty. From a denial of the motion, defendant appeals.

The motion was properly denied. On the date of the acceptance of the guilty plea, Court Rule No 35A (1945),** as then worded, governed. The rule in pertinent part required that after a plea of guilty

---

* Former Supreme Court Justice, sitting on the Court of Appeals pursuant to Const 1963, art 6, § 23, as amended in 1968.
** See 318 Mich xxxix.

and before sentence was imposed, the trial court was required to:

"* * * inform the accused of the nature of the accusation, * * * the consequence of his plea * * * (and) ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency."

A careful review of the transcript of the proceedings attendant the acceptance of the plea indicates that the trial judge did so.

We do not discuss whether the acceptance of the plea would have conformed with the court rule as interpreted by the Supreme Court in *People* v. *Barrows,* 358 Mich 267, decided November 25, 1959. We hold *Barrows, supra,* is not retroactive. The other issues raised by appellant are without merit.

Affirmed.

All concurred.