PEOPLE v DATES

1. CRIMINAL LAW—PRETRIAL IDENTIFICATION—RIGHT TO COUNSEL.

An accused has a right to counsel at any pretrial identification whether corporeal or photographic.

2. CRIMINAL LAW—PRETRIAL IDENTIFICATION—RIGHT TO COUNSEL—DUE PROCESS.

Counsel is required at pretrial identifications to insure that such identification procedures proceed in a manner which comports with minimal standards of due process.

3. CRIMINAL LAW—PRETRIAL IDENTIFICATION—RIGHT TO COUNSEL—ASSISTANCE OF COUNSEL.

A defendant's right to counsel at pretrial identification procedures can be satisfied by counsel other than court-appointed counsel, but defendant can challenge the effectiveness of the counsel at the pretrial identification.

4. CRIMINAL LAW—WITNESSES—EVIDENCE—PRELIMINARY EXAMINATION—CROSS-EXAMINATION.

Preliminary examination testimony of a witness who later died was properly allowed into evidence at trial over defendant's argument that he was denied effective cross-examination of the deceased witness in that, while en route to the hospital room where that portion of the examination was conducted, the examining magistrate cautioned the attorneys to limit their questions to the pertinent details, where defendant's counsel did not question the witness although he was given the opportunity (MCLA 768.26).

5. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDICTMENT AND INFORMATION.

A person who did not arrive on the scene until after an attempted robbery and shooting of a guard was over is not a res

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[4] 58 Am Jur, Witnesses §§ 612, 621.
[5] 21 Am Jur 2d, Criminal Law § 118.
[6] 21 Am Jur 2d, Criminal Law § 494.

gestae witness and need not be indorsed on the information and called by the prosecution at trial.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—RECORD.

A trial court does not have to instruct the jury as to lesser included offenses if the record does not support the lesser charges.

Appeal from Recorder's Court of Detroit, John P. McLoughlin, J. Submitted Division 1 December 12, 1973, at Detroit. (Docket No. 14632.) Decided April 26, 1974.

Johnny L. Dates was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael O. Lang,* Assistant Prosecuting Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: LESINSKI, C. J., and BASHARA and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. On October 22, 1971, an attempt was made to commit an armed robbery outside a grocery store in the City of Detroit. During the course of that attempt a security guard was shot. On October 25, 1971, defendant was arrested and charged with attempted armed robbery. A preliminary examination on that charge was held, a portion of that examination taking

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

place in the hospital room of the wounded guard. Shortly thereafter the guard died of the wounds and defendant was charged with felony murder. After a preliminary examination on the felony murder charge, defendant was tried and found guilty by a jury of murder in the first degree. MCLA 750.316; MSA 28.548.

Defendant first contends that his Sixth Amendment right to counsel was denied to him at the time of the lineups and the photographic identification due to the fact that the attorney present was not duly appointed by a court to represent him. The record discloses that on October 26, 1971, defendant participated in a lineup with codefendant and five other men, at which two witnesses identified defendant and codefendant. While there was an attorney present at that lineup, he had not been appointed by the court to represent defendant. The following day both defendant and codefendant participated in a second lineup with four other individuals. A photograph was taken of this lineup. This photograph was then taken by the police detective to the hospital to ascertain whether the injured guard could make an identification. An attorney accompanied the detective and was present when the guard identified defendant from this photograph.

Notwithstanding the pronouncement by the United States Supreme Court in *Kirby v Illinois,* 406 US 682; 92 S Ct 1877; 32 L ED 2d 411 (1972), Michigan still adheres to the rule that the accused has a right to counsel at any pretrial identification, whether corporeal or photographic. See *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). We are thus confronted with the question of whether an attorney provided by the police at the time of the identification, as opposed to an

attorney formally appointed by the court to represent defendant, will satisfy the requirement that defendant is entitled to counsel at pretrial identifications. While there is a real question of whether this issue was properly preserved for appellate review, even if we assume *arguendo* that the question was preserved, defendant's contention must fail.

The purpose of requiring the presence of counsel at pretrial identifications is to insure that such identification procedures proceed in a manner which comports with minimal standards of due process. While we find no Michigan authority, there is ample authority for the proposition that defendant's right to counsel at pretrial identification procedures can be satisfied by counsel other than court-appointed counsel.[1] Although defendant can, of course, challenge the effectiveness of the counsel at the pretrial identification,[2] defendant herein has neither asserted that said counsel did not adequately represent him nor has defendant raised any specific infirmities with either the corporeal or photographic identification. We thus are in accord with the rationale of *Wilson v Gaffney,* 454 F2d 142, 145 (CA 10, 1972), *cert den,* 409 US 854; 93 S Ct 189; 34 L Ed 2d 98 (1972), wherein it was stated:

"[The attorney] appeared, however, as much more then a mere disinterested observer at the lineup. He was a member of the bar, sworn to uphold the proper administration of justice, conscious of his obligation,

---

[1] *United States v Kirby* 138 US App DC 340; 427 F2d 610 (1970); *Marshall v United States,* 141 US App DC 1; 436 F2d 155 (1970); *United States v Randolph,* 143 US App DC 314; 443 F2d 729 (1970); *United States v Johnson,* 147 US App DC 31; 452 F2d 1363 (1971); *United States v Neverson,* 150 US App DC 133; 463 F3d 1224 (1972); *United States v Holiday,* 157 US App DC 140; 482 F2d 729 (1973).

[2] *See Marshall, supra,* fn 1, and *Johnson, supra,* fn 1.

aware of the reason for being present and recognized his duty to those accused, including petitioner. He was willing to perform this obligation and had the complete expertise so to do."

Under these circumstances we find no denial of defendant's right to counsel.

Defendant next asserts that the trial court erred in allowing into evidence the testimony of the deceased guard taken at the preliminary examination. Defendant argues that he was denied effective cross-examination of the deceased witness, since, while en route to the hospital room where that portion of the examination was conducted, the examining magistrate cautioned the attorneys to limit their questions to the pertinent details. While defendant's counsel did not question the witness, although given the opportunity (and counsel for codefendant asked only a very limited number of questions), defendant was not denied the opportunity to cross-examine the witness. The record herein reveals that the situation was almost identical to that in *People v Martin #2*, 21 Mich App 667; 176 NW2d 470 (1970). Accordingly, the trial court properly allowed that testimony into evidence pursuant to MCLA 768.26; MSA 28.1049.

Defendant's assertion that the trial court erred in its determination that one Sylvester Murphy was not a res gestae witness and therefore need not be indorsed and called by the people is without merit. Contrary to defendant's assertion on appeal, his own testimony at trial clearly shows that Murphy did not arrive on the scene until after the attempted robbery and shooting of the guard was over. Under these circumstances we find no error in the trial court's refusal to require the people to indorse and produce Murphy.

Defendant finally asserts that the trial court erred in not charging the jury as to murder in the second degree and manslaughter. It is unnecessary to attempt to resolve the split which has developed on this Court with respect to whether these are lesser included offenses to felony murder;[3] for even if these are lesser included offenses, the trial court properly refused to instruct as to them since the record does not support the lesser charges. It was uncontroverted that the guard's death resulted from the shot fired during the attempted armed robbery. Defendant did not contest that there was an attempted armed robbery or that the death resulted therefrom, rather defendant asserted he was not involved in either and was but an innocent bystander who was wrongfully accused of participating in the crime. Under these circumstances, the trial court properly limited the jury's consideration to the charged crime of felony murder in the first degree. See *People v Carter,* 387 Mich 397; 197 NW2d 57 (1972).

Affirmed.

All concurred.

---

[3] *Compare People v Bufkin,* 43 Mich App 585; 204 NW2d 762 (1972), *(on rehearing)* 48 Mich App 290; 210 NW2d 390 (1973), *with People v Wimbush,* 45 Mich App 42; 205 NW2d 890 (1973).