PEOPLE v PALOMBO

1. CRIMINAL LAW—PRETRIAL IDENTIFICATION—LINEUP—ATTORNEY AND CLIENT—EFFECTIVE COUNSEL..

The purpose of requiring the presence of counsel at pretrial identifications is to insure that such identification procedures proceed in a manner which comports with minimal standards of due process; a defendant was not denied the effective assistance of counsel at a post-arrest police lineup where his counsel failed to make a written record of the events at the lineup.

2. CRIMINAL LAW—LESSER OFFENSES—JURY—EVIDENCE.

A jury may convict an accused of a less serious offense than that charged in the information regardless of the fact that the evidence at trial proved the greater offense.

Appeal from Oakland, Frederick C. Ziem, J. Submitted October 9, 1975, at Lansing. (Docket No. 21267.) Decided October 28, 1975.

Richard Palombo was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *T. S. Givens,* Assistant Appellate Counsel, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 313–315.
Accused's right to counsel under the federal Constitution—Supreme Court cases. 2 L Ed 2d 1646, s. 9 L Ed 2d 1260.
[2] 76 Am Jur 2d, Trial § 1157.
Inconsistency of criminal verdict as between different counts of indictment and information. 18 ALR3d 259.

*Leib & Leib* (by *Sheldon G. Larky),* for defendant.

Before: QUINN, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

PER CURIAM. An Oakland County jury found defendant guilty of the charged offense of unarmed robbery, MCLA 750.530; MSA 28.798. He was sentenced to a term in prison of from 10 to 15 years and now appeals as of right.

Before addressing ourselves to the issues it should be noted that the defendant was originally charged with the armed robbery, on September 6, 1971, of a Ferndale party store, MCLA 750.529; MSA 28.797. He was allowed to plead to the reduced charge of unarmed robbery. However, this plea-based conviction was reversed by this Court due to the apparent absence of a factual basis for the plea. *People v Palombo* (Docket No. 17018, decided March 21, 1974 [unreported]).

In accordance with the ruling in *People v Mc-Miller,* 389 Mich 425; 208 NW2d 451 (1973), the defendant was then charged with unarmed robbery and a jury found him guilty of that offense.

The defendant first argues that he was denied effective assistance of counsel due to the failure of his counsel, at a post-arrest police lineup, to make a written record of the events occurring at the lineup. This contention is hinged upon certain language in *People v Young,* 21 Mich App 684, 693; 176 NW2d 420 (1970), to the effect that "if counsel is present [at a lineup] it is clearly his duty to observe and *note* the events and to learn, if possible, the identity of those present." (Emphasis added.)

We cannot accept the defendant's interpretation of this *dicta* from *Young.* Effective assistance of

lineup counsel was not at issue in that case, and we are certain that the *Young* panel did not intend to create a duty on the part of lineup counsel to actually transcribe the events occurring at a lineup. The function of an attorney in such situations is not that of a stenographer. Rather, as this Court has once stated, "The purpose of requiring the presence of counsel at pretrial identifications is to insure that such identification procedures proceed in a manner which comports with minimal standards of due process." *People v Dates,* 52 Mich App 544, 547; 218 NW2d 100 (1974).

Defendant next raises a novel question precipitated in part by the *McMiller* rule. During his trial on the charge of unarmed robbery the prosecution unquestionably proved that the defendant was armed with a pistol at the time of the commission of the offense. Therefore he argues that the trial judge erred in refusing to direct a verdict of acquittal on the charge of *unarmed* robbery and by instructing the jury that evidence showing that defendant was armed would not preclude a guilty verdict.[1]

---

[1] The trial court instructed the jury:

"Now, concerning this matter of the dangerous weapon. There has been some testimony concerning the presence and use of a dangerous weapon.

"You have also heard my instructions setting forth the elements of unarmed robbery. One of those elements of unarmed robbery, as mentioned previously, was that the defendant was not armed with a dangerous weapon.

"This may cause you some confusion; therefore, I instruct you that you may find the defendant, Richard Palombo, guilty of unarmed robbery, providing all of the elements are proved beyond a reasonable doubt, even though the testimony shows that a dangerous weapon was, in fact, used.

"The testimony, if believed, concerning the hand gun, may be considered in deciding whether the defendant placed the victim in fear.

"However, the presence and use of the hand gun does not prevent you from returning a verdict of guilty of unarmed robbery, if all of the other elements have been proven beyond a reasonable doubt."

The Supreme Court, by adopting the *McMiller* rule, sought to preserve the integrity of the plea-taking process by assuring appellate review of plea-based convictions unfettered by the threat or possibility that retrial on the principal offense might occur. The Court clearly understood the immediate results of such a rule:

"We recognize that a prosecutor's willingness to allow an accused person to plead to a lesser offense is generally predicated on the assumption that the accused will, upon acceptance of a plea of guilty, stand convicted and will be sentenced for the lesser offense. We also recognize that the rule we adopt means that a successful appeal from a plea-based conviction for a lesser offense defeats that legitimate expectation, deprives the prosecutor of leverage he otherwise would have in further plea bargaining upon reprosecution, may well, therefore, burden the prosecutor with the need to prove his case at a trial and *at the same time limits the people to a conviction less than the proofs may justify." People v McMiller, supra,* at 432–433. (Emphasis added.)

The instant case poignantly illustrates these considerations. And what is clear from the *McMiller* decision is that the Supreme Court did not intend to restrict the people from proving the entire criminal transaction at the retrial, but only to limit the penalty imposed upon an accused who has elected to appeal a plea-based conviction.

The defendant argues, and understandably so, that the fact of "not being armed with a dangerous weapon", in the words of the applicable statute, is an element of the offense charged and since the prosecutor failed to prove this element his conviction must be reversed. Such a position is the progeny of a very narrow definition of the term

lesser included offenses[2] and a mistaken notion of the rule that that concept plays in a criminal jury trial. For, independent of and notwithstanding a judge's duty to instruct a jury on lesser included offenses, is the very basic phenomenon that our system permits a jury to convict an accused of a less serious offense than that charged in the information regardless of the fact that the evidence at trial proved the greater offense. *Cf. People v Blanchard,* 136 Mich 146, 148; 98 NW 983 (1904).

We accordingly affirm the defendant's conviction.

---

[2] *See* Koenig, *The Many-Headed Hydra of Lesser Included Offenses,* 1975 Detroit Col L Rev 41, 48–52, where the author criticizes the "strict statutory" definition of lesser included offenses.