PEOPLE v SERR

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—SETTING
   ASIDE PLEA—SENTENCING—PROSECUTOR'S RECOMMENDATION.

   Refusal to set aside a guilty plea, offered as a result of a plea
   bargain in which the prosecutor agreed to recommend a one-
   year sentence and dismiss two other charges in exchange for
   the plea, was proper where (1) the defendant was given an
   opportunity to withdraw his plea after he was advised that the
   prosecutor's recommendation was not binding on the judge, (2)
   defendant chose not to withdraw his guilty plea, and (3) the
   plea bargain was kept although the judge did not follow the
   prosecutor's recommendation.

2. CRIMINAL LAW—PLEA OF GUILTY—SETTING ASIDE PLEA—MOTIONS
   —TIME LIMITATION.

   There is no time limitation placed upon the filing of a motion to
   set aside a guilty plea.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL.

   A defendant may withdraw a guilty plea as a matter of right
   until the plea has been accepted on the record; thereafter it
   becomes a matter addressed to the court's discretion.

4. CRIMINAL LAW—PLEA OF GUILTY—SETTING ASIDE PLEA—EVIDEN-
   TIARY HEARINGS.

   An evidentiary hearing should be held where a motion is made to
   set aside a guilty plea, the motion is accompanied by a proper
   affidavit, and the critical facts are in dispute.

REFERENCES FOR POINTS IN HEADNOTES

[1, 9, 10] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
   Enforceability of plea agreement or plea entered pursuant thereto,
      with prosecuting attorney involving immunity from prosecution
      for crimes. 43 ALR3d 281.
[2, 4–6, 8] 21 Am Jur 2d, Criminal Law §§ 509–511.
[3, 11] 21 Am Jur 2d, Criminal Law §§ 491, 503–508.
[7] 28 Am Jur 2d, Estoppel and Waiver §§ 35, 45–52.

5. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—SUPPORT IN RECORD.

A defendant who seeks to appeal a plea-based conviction must first move the trial court to set aside the guilty plea and seek a separate record factually supporting the claims advanced where the record does not factually support the claims he wishes to raise on appeal.

6. CRIMINAL LAW—PLEA OF GUILTY—SETTING ASIDE PLEA—EVIDENTIARY HEARINGS—WAIVER.

A defendant seeking to set aside a guilty plea, which was allegedly offered involuntarily, may waive his right to an evidentiary hearing where he does not present an affidavit setting out specific allegations.

7. ESTOPPEL—REPRESENTATIONS.

Where a fact has been admitted or asserted for the purpose of influencing the conduct of or deriving a benefit to another, so that it cannot be denied without a breach of good faith, the law enforces the rule of good words as a rule of policy and precludes the party from repudiating his representations and denying the truth of his admissions.

8. CRIMINAL LAW—PLEA OF GUILTY—SETTING ASIDE PLEA—EVIDENCE —COURT RULES.

Testimony of a defendant or his attorney which contradicts statements previously made at a guilty plea proceeding by the defendant or the attorney is not admissible at a hearing on a motion to set aside the guilty plea where the guilty plea proceeding fully complied with the applicable court rule and the defendant has been sentenced (GCR 1963, 785.7).

PARTIAL CONCURRENCE BY M. F. CAVANAGH, J.

9. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—APPEAL AND ERROR—UNKEPT BARGAINS—WITHDRAWAL OF PLEA.

*A defendant must move to withdraw a guilty plea in the trial court before taking an appeal where the defendant alleges there was an unkept plea bargain, the only evidence to support the alleged bargain is an affidavit of the defense, and no evidence of the bargain appears on the face of the plea record.*

10. CRIMINAL LAW—PLEA BARGAINING—SENTENCING—PROSECUTOR'S RECOMMENDATION—WITHDRAWAL OF GUILTY PLEA.

*A motion to withdraw a guilty plea by a defendant who alleges that the court's sentence exceeds the sentence agreed to in a*

*plea bargain with the prosecutor was properly denied where the record does not support a claim that the defendant could reasonably rely on more than a sentence recommendation by the prosecutor.*

11. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DEFECT ON RECORD—EVIDENTIARY HEARINGS.

*A defendant is entitled to an evidentiary hearing on a motion to withdraw his guilty plea even though the alleged plea-bargain defect does not appear on the face of the plea-taking record.*

Appeal from Shiawassee, Peter J. Marutiak, J. Submitted June 10, 1976, at Lansing. (Docket No. 25751.) Decided December 10, 1976.

George E. Serr was convicted, on his plea of guilty, of receiving or concealing stolen property in excess of $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Lostracco,* Prosecuting Attorney, and *R. Scott Ryder,* Assistant Prosecuting Attorney, for the people.

*Fitzgerald, Dumon & Geddis,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. T. ANDERSON,* JJ.

D. T. ANDERSON, J. Defendant pled guilty to receiving or concealing stolen property in excess of $100 contrary to MCLA 750.535; MSA 28.803. He was sentenced to 2 to 5 years. On pronouncement of sentence defense counsel moved to vacate the guilty plea. The defense attorney submitted the question to the court on the basis of his sworn petition and the transcript of the plea proceedings, without further evidence. The court denied the motion and this appeal as of right was taken.

* Circuit judge, sitting on the Court of Appeals by assignment.

The plea was a result of plea bargaining placed on the record. Defendant was to plead guilty, as he did. In exchange the prosecution would move to dismiss a pending prosecution for delivery of marijuana contrary to MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c) and a larceny charge under a city ordinance would be dismissed.

Defendant claims his plea was induced by his understanding of a plea bargain as disclosed by a certain statement during the plea taking process. He claims this limited the court to imposition of a maximum sentence of one year in jail.

The prosecutor stated the plea bargain on the record, including the following:

"It is further a part of the plea negotiation that I recommend, and I will recommend to the court at this time, that the Defendant be sentenced to one year in the county jail."

The defense attorney said, after the prosecutor had stated the agreement on the record:

"It is also part of the plea bargain, as Mr. Lostracco stated, that this matter would be considered as a county jail sentence rather than any sentence in Jackson Prison."

Thereafter the court informed defendant he could be imprisoned in a state prison for up to five years or fined up to $2500. The defendant, in response to the court's question, said he understood this.

The court then recognized the plea bargain on the record, which would result in a dismissal of the delivery of marijuana ·charge and the ordinance matter. In addition, the court said the prosecutor is " * * * recommending that I sentence you to not over one year in the county jail". This

was confirmed by the prosecutor and defense counsel and the following occurred:

*"The Court:* Do you understand that, Mr. Serr, that this is the entire plea bargain, there is nothing else in it. Do you understand this?

*"The Defendant:* Yes, sir.

*"The Court:* Do you want me to confirm it, that is, accept it for you?

*"The Defendant:* Yes.

*"The Court:* If that is the case, how do you wish to plead?

*"The Defendant:* Guilty."

The defendant was informed of his rights which he would waive as required by GCR 1963, 785.7(1)(d). The court learned he was on probation or parole and the following exchange took place:

*"The Court:* He already has been. Do you understand, Mr. Serr, that despite the plea negotiation here, that recommendation is not binding upon me. I will consider it very, very highly, but it is not binding and at this time I do not know what my sentence will be, except that it will not be over the statutory limit I have told you of five years. Do you understand this?

*"The Defendant:* Yes.

*"The Court:* That the court makes no promise to you what the sentence will be. Do you understand this?

*"The Defendant:* Yes.

*"The Court:* And knowing this do you want to plead guilty?

*"The Defendant:* Yes."

The defendant then acknowledged there were no other promises and that his attorney had not told him to plead guilty or influenced him except as stated in court.

The appellant's claim of error hinges on what he

claims was an understanding on his part that the sentence would be no more than a year in jail, and no prison sentence.

The defendant was represented by counsel throughout. The plea process required by GCR 1963, 785.7 was followed meticulously and with understanding by the court of the statements as they developed. The court adapted questions to the responses of the defendant, his attorney and the prosecutor. It was a "textbook plea". Defense counsel took no issue with the judge when defendant was advised that the court was not bound by the prosecutor's recommendation. It is the opinion of this Court that where the letter and intent of GCR 1963, 785.7 are followed the defendant is bound by his answers and will not be heard to deny the truth of his statements to the court.

The travail of the Michigan Supreme Court in fashioning the rule to meet constitutional and humanitarian and common sense standards should not be rendered totally ineffective by denials easily conjured up after a sentence not to the liking of the defendant.

GCR 1963, 785.7(4)(b) specifically requires the judge to state whether he has agreed upon the possibility of a plea or the possible sentence.

In the case at bar the court clearly stated it had not agreed upon a sentence but left the matter open within the limits of the statutory maximum sentence. Defendant acknowledged he understood, and knowing this, wanted to plead guilty.

The trial judge did not abuse his discretion when he refused to set aside the guilty plea. It was clear on the record that in exchange for the guilty plea the prosecutor would recommend no more than one year in jail and would dismiss two other charges. It was equally clear this agreement was

carried out. The defendant was given an opportunity to change his mind after he was advised the recommendation was not binding on the judge. He chose to continue his guilty plea with full knowledge of what could happen.

But there is a deeper issue involved here. Is there a limitation on the testimony which the defendant or his attorney can offer? Defendant's motion for withdrawal of the guilty plea was brought under GCR 1963, 785.7(6)(b): "After the court accepts the plea: (i) the court may set it aside on defendant's motion".

The plea had been accepted under GCR 1963, 785.7(5): "The court shall not accept the plea unless it is convinced that the plea is understanding, voluntary and accurate".

GCR 1963, 785.8 relates to certain procedures upon sentencing.

It is noted that there is no time limitation placed upon the filing of defendant's motion to set aside a plea. *People v McPherson,* 24 Mich App 515; 180 NW2d 340 (1970). It is clear that until the plea has been accepted on the record the defendant may withdraw his plea as a matter of right. Thereafter it becomes a matter addressed to the court's discretion to be decided at an evidentiary hearing.

Upon a motion to set aside a plea, accompanied by a proper affidavit, an evidentiary hearing must be held where the critical facts are in dispute. *People v Michael Anthony Williams,* 391 Mich 832 (1974); *People v Bartlett,* 17 Mich App 205; 169 NW2d 337 (1969).

"If the record made before a defendant tenders a guilty plea does not factually support claims he wishes to urge on appeal, he must first move in the trial court to set aside the plea, and seek a

separate record factually supporting the claims."
*People v Boone,* 68 Mich App 650, 652; 244 NW2d
4 (1976). But *Boone* held that the defendant was
not entitled to an evidentiary hearing in the ab-
sence of an affidavit setting out specific allegations.
He in effect had waived his right to an evidentiary
hearing. This is an example of evidentiary estop-
pel.

Except for *People v Boone, supra,* all the earlier
cases arose before the present requirements of
tripartite personal confirmation of a plea bargain
fully placed upon the record.

There is no inconsistency between the require-
ment of an evidentiary hearing as to voluntariness
and understanding and the limitation of admissi-
ble evidence. For example, the claim of being
under the influence of drugs at the time of the
plea may be susceptible of proof by evidence from
the defendant unless he was specifically asked
about it. Testimony of others would be admissible.

Undisclosed agreements not put on the record
can be testified to by others than the prosecutor,
defense attorney or defendant.

It is a rule of evidentiary estoppel that is here
recognized as a logical result of the solemn in-
quiries of GCR 1963, 785.7 into which (1) the consti-
tutional protections have been incorporated, (2)
the terms of a plea bargain (if any) are confirmed
by all the participants, and (3) the prosecutor and
defense attorney have specifically concurred in the
regularity of the proceedings.

Earlier cases here cited have not considered the
full effect of the solemn process mandated by GCR
1963, 785.7(1)–(3).

GCR 1963, 785.7 was drafted to assure that a
plea would be a solemn proceeding in open court
during which the defendant would be addressed

personally by the court and would personally re-
spond to the court to assure that any plea offered
was made with full understanding: (1) of the con-
stitutional and other legal rights of the defendant,
(2) of the consequences of the plea in terms of
possible penalty, (3) that there was no coercion or
hidden promise or undisclosed mental reservation
affecting the offering of the plea, and (4) that the
defendant did in fact do the acts constituting the
offense to which the plea is offered. It is as solemn
an occasion as the trial of the matter. It differs
from a trial in that the defendant himself must
respond to the questions as to his understanding of
his rights and of the plea bargain, if any, the
voluntariness of the plea and the commission of
the offense. The elaborate process devised by the
court has as its purpose protection of the accused
and of the public as well as certainty and finality
of the facts accepted by the court on which it
determines that the plea is understandingly and
voluntarily made and is accurate. There can be no
more solemn, formal, protective situation than
that afforded by the adherence to the letter and
intent of the rule. The full, impressive array of
constitutional protections and careful judicial proc-
ess is brought forth to guarantee complete disclo-
sure, understanding, voluntariness and accuracy.

The defendant in this carefully safeguarded situ-
ation presents himself to the court and uses its
processes either to submit unconditionally to the
authority of the court or to submit conditionally in
exchange for plea bargain agreements, which must
be stated on the record, reviewed with the defend-
ant to assure voluntariness and understanding,
and confirmed by the defendant, his attorney and
the prosecutor.

Under the court rules the defendant may with-

draw his plea up to time of acceptance. Up to time of sentence it cannot be said that there has been significant change on the part of the people of the State of Michigan or of the court, the people's spokesman at time of sentence. After sentence there has been significant change on the part of the state in that certain freedoms of charge and of sentence have been relinquished if the plea is set aside. *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973); *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974); *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975); *People v Palombo,* 65 Mich App 344; 237 NW2d 320 (1975); *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

One of the purposes of the solemn, careful process of the court rule is to achieve certainty and finality which is the goal of all law.

*People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973), recognizes an accepted plea of guilty "is itself a conviction * * * [l]ike a verdict of a jury it is conclusive". *Kercheval v United States,* 274 US 220, 223; 47 S Ct 582, 583; 71 L Ed 1009, 1012 (1927). Similarly, see *People v Wolff,* 389 Mich 398; 208 NW2d 457 (1973).

It is the opinion of this Court that where a defendant has been found guilty by reason of his own statements as to all of the elements required to be inquired into by GCR 1963, 785.7, and his attorney has also confirmed the agreement and the defendant has been sentenced, neither he nor his attorney will be permitted thereafter to offer their own testimony to deny the truth of their statements made to induce the court to act. To do so would be to permit the use of its own processes to create what amounts to a fraud upon the court. This is based on public policy designed to protect the judicial process.

"Neither courts of equity nor those administering legal remedies tolerate the use of their process to consummate a wrong." *Sorrells v United States,* 287 US 435, 455; 53 S Ct 210, 217; 77 L Ed 413, 424 (1932) (partial dissent).

Such public policy in the criminal field would be analogous to the doctrine of estoppel in the civil field. The courts seem to hesitate to use the word "estoppel" in the criminal field. As an evidentiary matter, however, waiver and estoppel are based upon the same policy considerations. Waiver has long been recognized as valid even in the criminal field. Thus failure to object to hearsay testimony during a trial bars that objection from being raised on appeal. *Davis v Cohen,* 253 Mich 330; 235 NW 173 (1931).

The constitutional right to a jury trial in criminal cases may be waived in writing in a solemn process in open court after opportunity to consult with counsel. MCLA 763.3; MSA 28.856. Because of a public policy favoring the orderly process of the administration of justice there are restrictions placed on the withdrawal of such waiver of jury before trial. *People v John Haddad,* 306 Mich 556; 11 NW2d 240 (1943).

The defendant is estopped from having an evidentiary hearing on his motion to set aside a plea of guilty on the basis that he did not act voluntarily where he does not file an affidavit containing specific allegations. *People v Boone, supra.*

Estoppel has been applied in the criminal field to prohibit a prosecutor from claiming a person was not a res gestae witness and then later to argue that he was an accomplice. *People v Jones,* 52 Mich App 522; 217 NW2d 884 (1974).

Public policy requires preservation of the integrity of such a solemn judicial process designed to

protect the interests of a defendant. There is precedent for placing the basis for a ruling of this Court upon public policy although the law prefers to describe its concepts in time honored, and therefore meaningful, terms. Recognition of public policy as a basis for a court decision was forthrightly pronounced in the products liability field, thus avoiding the problems otherwise associated with the concepts of privity of contract, contributory negligence, and certain of the statutes of limitations. *Spence v Three Rivers Builders & Masonry Supply, Inc,* 353 Mich 120, 135; 90 NW2d 873, 881 (1958). And see *e.g.,* Justice LEVIN's opinions in *Cova v Harley Davidson Motor Co,* 26 Mich App 602, 609, 614–615; 182 NW2d 800, 804, 807–808 (1970), and *Parish v B F Goodrich Co,* 395 Mich 271; 235 NW2d 570 (1975).

Thus it is demonstrated that legal concepts and doctrines develop to meet a social need and as the occasion demands.

This public policy akin to estoppel can be stated in the words of a decision based upon estoppel:

"[Where a fact has been admitted or asserted] for the purpose of influencing the conduct or of deriving a benefit to another, so that it cannot be denied without a breach of good faith, the law enforces the rule of good words as a rule of policy, and precludes the party, from repudiating his representations, and denying the truth of his admissions". *Douglass v Scott,* 5 Ohio Reports 194, 197 (1831).

This decision is limited to evidentiary testimony of the defendant or his attorney contradicting or denying statements previously made by the defendant or his attorney during a plea process in open court fully complying with GCR 1963, 785.7 where the judge has announced that he is con-

vinced that the plea is understandingly and voluntarily made and is accurate and where, as a result of the acceptance of the plea, the defendant has been sentenced.

In the case at bar, since the testimony (or affidavit) of the defendant's attorney contradicting or denying his earlier statements at time of plea is barred from receipt in evidence, there was no abuse of discretion on the part of the judge in refusing to set aside the plea.

A reading of the entire record indicates no abuse of discretion even if the affidavit of the attorney is treated as evidence.

Affirmed.

BASHARA, P. J., concurred.

M. F. CAVANAGH, J. *(concurring in part and dissenting in part).* This case focuses on a sentence bargain: the prosecutor agreed to dismiss two other charges and recommend a year in jail in return for the defendant's guilty plea. The defendant claims that he understood that the sentence was fixed by his plea; *i.e.,* that the sentence could be none other than that reached through the plea bargain.

Where the only evidence to support an alleged bargain is a defense affidavit, and no evidence of the bargain appears on the face of the plea record, the defendant must move to withdraw the plea in the trial court before taking an appeal. *People v Guerrero,* 57 Mich App 316, 318; 225 NW2d 746, 747 (1975). While there is some indication in this record that the defendant anticipated a bargain other than the one which he received, he made no factual showing at the hearing upon his motion to withdraw his plea that would establish that his reliance was both actual and reasonable. Where

the defendant elects to stand on a record which does not support a claim of reasonable reliance on more than a sentence recommendation, the proper course is to affirm the trial court's denial of defendant's motion to withdraw his plea.

I cannot agree with the majority's opinion to the extent that it implies that a defendant may not withdraw his plea unless the plea bargain defect appears upon the face of the plea-taking record. It is precisely because most of these defects do not appear fully on the record, if at all, that the defendant is entitled to an evidentiary hearing on his motion to withdraw his plea. It is because defendant Serr elected to stand on the record that affirmance is proper; this defendant would have been entitled to an evidentiary hearing below, had he made the request.