PEOPLE v. FOSTER.

1. ATTORNEY GENERAL—SUPREME COURT—APPEAL IN CRIMINAL CASES.
   The attorney general is the exclusive representative of the people
   when a criminal case is before the Supreme Court on appeal
   (CL 1948, § 14.28).

2. COURTS—CONFESSION OF ERROR—ATTORNEY AND CLIENT—SUPER-
   VISION OF COURT-APPOINTED COUNSELOR—MOOT QUESTION.
   Questions relative to competence of counsel and to trial judge's
   supervision of court-appointed counsel for one accused of
   felony, so as to insure reasonable competence of such counsel
   *held,* moot, where the attorney general confessed error on part
   of trial judge.

Appeal from Mason; Peterson (William B.), J.,
presiding, and Stephens (Rupert B.), J. Submitted
February 9, 1966. (Calendar No. 1, Docket No.
50,557.) Decided March 8, 1966.

Floyd Foster was convicted of statutory rape.
Delayed motion for new trial denied. Defendant
appeals. Reversed and remanded.

*David F. Betz,* Prosecuting Attorney, for the
people.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Luke Quinn,* As-

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Attorney General §§ 23, 24.
[2] 7 Am Jur 2d, Attorney General §§ 15, 16, 23, 24.

sistant Attorney General, for the people, confessing error and proposing reversal.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Jerry S. McCroskey, of counsel), for defendant, acting for American Civil Liberties Union (Michigan Chapter).*

BLACK, J. The primary design of this appeal is that of bringing the Supreme Court of Michigan into line with certain decisions of other courts which, in substance, hold that the trial judge is burdened with duty to supervise the work of court-appointed counsel for an accused so as to "insure reasonable competence" of such counsel. The quotation is taken from the appellant's brief. Prominent examples of the outstate decisions referred to are *State* v. *Selbach,* 268 Wis 538 (68 NW2d 37), and *People* v. *Ibarra,* 60 Cal 2d 460 (34 Cal Rptr 863, 386 P2d 487).

The real appellant is the Michigan Chapter of the American Civil Liberties Union. The accused and felony-convicted defendant is the vehicle *pro forma.* His time has been served. Counsel for the union advised during oral argument that "He was within three—six months of the end of his—of eligibility for parole, at the time we argued this case in June of 1963"; also that "He has been released from prison." The final fact is that the attorney general, the official representative of the plaintiff in all criminal cases,[1] that is, the people of the State of Michi-

---

[1] The Mason county prosecuting attorney disagrees with his superior, the attorney general, and asks that we follow another line of cases holding, in so many words, that the selection by the accused of counsel precludes subsequent assailment by him, upon allegation of incompetence, of such selected counsel.

We cannot, of course, recognize the prosecutor as representative of the people when a criminal case is before us on appeal. The attorney general is their exclusive representative here. CL 1948, § 14.28 (Stat Ann 1961 Rev § 3.181).

gan, has formally confessed error of the trial judge in this case.

What the Michigan chapter would have us decide, precedentially of course, is moot in view of the attorney general's confession. The posture of this appeal is simply one where both parties, the people represented by the attorney general and the defendant by counsel for the Michigan chapter, have joined in declaring that *both* judges—the trial judge and the subsequent motion-hearing judge—erred reversibly. I would in these circumstances reverse and remand for such further proceedings as lawfully may be sought in the trial court, expressing no opinion with respect to the merit or demerit of the brief-stated questions. The questions:

"1. Does the principle of *res judicata* prevent the court's considering the petitioner's complaint that he was denied due process of law (right to competent counsel) on the merits?"

"2. Is an indigent criminal defendant entitled to appointment of counsel in a felony case and to effective representation by appointed counsel, so far as the same can be obtained by the trial court's supervision of appointed counsel's activities?"

"3. Does nomination for public appointment of a particular attorney by an indigent defendant in a felony case relieve the trial court of its duty to supervise the activities of court-appointed counsel to insure reasonable competence?"

I regard these questions as moot, the attorney general's confession considered, and point out that it was not until defendant's *third* motion came into the picture, with the Michigan chapter appearing for the defendant, that such questions came to presentation in the circuit court.[2] For recent consideration

---

[2] Defendant's first motion for new trial was timely filed in 1961. It was denied by the trial judge. His second motion (for leave to file another motion for new trial) was denied—by the trial judge—in

of the right of a State to insist that questions of alleged Federal nature be raised at *some* stage of the accused's trial, see *Henry* v. *Mississippi,* 379 US 443 (85 S Ct 564, 13 L ed 2d 408). In my view such insistence "serves a legitimate [no, vitally necessary] State interest."

I would reverse and remand on confession of error.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, and O'HARA, JJ., concurred with BLACK, J.

SMITH and ADAMS, JJ., concurred in result.

1962. Leave to review denial of such motion was denied by our order of October 3, 1962. Defendant's third motion was denied by Judge Peterson (not the trial judge) October 10, 1963.