PEOPLE *v.* JAMES SMITH

1. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—DISCRETION—COURT RULE.

Trial judge did not abuse his discretion in accepting a plea of guilty by permitting the police to recite the facts concerning the commission of the crime, as the court rule regarding the acceptance of a plea of guilty requires only a reasonable ascertainment of the truth of the plea and the trial judge is permitted a measure of discretion in the procedures by which such ascertainment is made (GCR 1963, 785.3[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—VOLUNTARINESS OF PLEA—EVIDENTIARY HEARING.

A defendant is not entitled to an evidentiary hearing on the voluntariness of his plea of guilty where his affidavit in sup-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 486, 492.
[2] 21 Am Jur 2d, Criminal Law §§ 486, 504, 505.

port of his motion for new trial and withdrawal of the plea specified no conduct on the part of his attorney or the "sergeant in charge" of the case which might have misled him into his plea nor specified the source of his "understanding that leniency in sentence would follow", because these allegations constitute the barest of legal conclusions and there was nothing in them which would justify an evidentiary hearing.

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 1 September 29, 1970, at Detroit. (Docket No. 8,628.) Decided October 30, 1970.

James L. Smith was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Kelly & Tatham* (*Michael D. Scallen,* of counsel), for defendant.

Before: FITZGERALD, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. On October 12, 1966, the defendant pleaded guilty to the charge of assault with intent to rob being armed. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). The plea was accepted by Detroit Recorder's Court, Judge Vincent J. Brennan, and on the same day defendant was sentenced to

_____
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

serve from 7-1/2 to 15 years. Defendant's application for delayed appeal has been granted.

The first issue raised by defendant is whether in accepting the guilty plea the trial judge complied with GCR 1963, § 785.3(2). The only possible deviation from the above rule was that the trial judge permitted the police to recite the facts concerning the commission of the crime. The rule requires only a reasonable ascertainment of the truth of the plea. *People* v. *Bartlett* (1969), 17 Mich App 205. The trial judge is permitted a measure of discretion in the procedures by which such ascertainment is made and we find no abuse of that discretion here. *People* v. *Bumpus* (1959), 355 Mich 374; *People* v. *Dunn* (1968), 380 Mich 693.

Defendant's motion for a new trial and withdrawal of his guilty plea was denied by the trial court without holding an evidentiary hearing on the voluntariness of the plea. Defendant does not contest that the withdrawal of a plea of guilty after sentence rests in the sound discretion of the court. See *People* v. *Wolschon* (1966), 2 Mich App 186. He asserts, however, that he is entitled to a hearing on the voluntariness of the plea. When defendant makes substantial factual allegations supporting his claim that his plea was involuntary, an evidentiary hearing should be had; however, unspecific allegations of false promises will not support a hearing. *People* v. *Kindell* (1969), 17 Mich App 22; *People* v. *Dickerson* (1969), 17 Mich App 201; *People* v. *Kinsman* (1970), 21 Mich App 242.

Defendant supports his allegations of involuntariness in the following paragraph of his affidavit:

"That I was misled by my attorney and the sergeant in charge of this case to enter the plea of guilty, and such plea was not understandingly made, but was made with undue influence, compulsion and

in understanding that leniency in sentence would follow".

These allegations constitute the barest of legal conclusions. Defendant specifies no conduct on the part of his attorney or the "sergeant" which might have "misled" him into his plea. Neither does he specify the source of his "understanding that leniency in sentence would follow". These general complaints add nothing to defendant's clearly expressed feeling that he should be relieved of a sentence which may have surprised him. As in *People* v. *Kinsman, supra,* "defendant does not protest his innocence, but, in effect, only that his sentence is too harsh". (p 243.) There is nothing in these allegations which would justify an evidentiary hearing.

Affirmed.

All concurred.