PEOPLE v. JIMMERSON

1. CRIMINAL LAW—NEW TRIAL—RECANTING WITNESSES—COERCION.
   Refusal to grant a new trial was not an abuse of discretion where the defendant's motion was based on the ground that the testimony of his companions which implicated him in the robbery he was convicted of was coerced by the police and prosecuting attorney and where the companions recanted their testimony at the hearing on the motion for a new trial.

2. CRIMINAL LAW—APPEAL AND ERROR—NEW TRIAL—RECANTING WITNESSES—POLICY.
   The Court of Appeals when reviewing the denial of a motion for a new trial is not impressed by the recanting statements of witnesses who attempt to show they perjured themselves at trial.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 January 6, 1971, at Grand Rapids. (Docket No. 8003.) Decided January 26, 1971.

Errol Gene Jimmerson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*William J. Heyns,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur, New Trial § 169.

Before: HOLBROOK, P. J., and McGREGOR and
T. M. BURNS, JJ.

PER CURIAM. On July 28, 1969, defendant, after
trial by a jury, was found guilty of armed robbery,
MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797)
and subsequently was sentenced to 10 to 20 years in
prison.

The evidence at trial showed that on November
15, 1968, the defendant and three companions, armed
with a shotgun, went to a tavern. The defendant
and a companion entered the tavern and ordered
the two bartenders to lie down behind the bar.
A waitress was ordered by the defendant to "clean
out the cash register"; she complied, surrendering
approximately $175. The defendant then took
valuables from those present in the tavern.

A companion of the defendant testified at trial
and made statements admitting his complicity in
the crime, and implicated the defendant. The
waitress testified at trial and identified the defend-
ant.

Defendant raises the defense of alibi, claiming
that he had been at the home of his girlfriend on
the night the robbery was committed.

On January 2, 1970, this Court granted the de-
fendant the right to file a post-conviction motion
with the trial court. Defendant's motion for a new
trial was denied by the trial judge and from this
ruling, defendant appeals.

Defendant charges that the trial judge erred
reversibly with respect to the testimony of the
defendant's companions. He contends that the tes-
timony of these witnesses should not have been
received at trial, in that they were coerced by
police and the prosecuting attorney to testify. At

the hearing on the motion for a new trial the defendant's companion testified to the effect that they had committed perjury at the trial.

We have reviewed the trial transcript and the transcript of the lower court hearing on the motion for new trial and find that no abuse of discretion was committed in denying the motion for new trial. *People v. Winstanley* (1969), 20 Mich App 528. This Court is not impressed by the recanting statements of witnesses who attempt to show that they perjured themselves at trial. *People v. Van Den Dreissche* (1925), 233 Mich 38; *People v. Smallwood* (1943), 306 Mich 49; *People v. Bradford* (1968), 10 Mich App 696, *leave to appeal denied* (1968), 381 Mich 778, *cert den* (1969), 394 US 1022 (89 S Ct 1638, 23 L Ed 2d 48).

The other alleged errors raised by defendant are without merit.

Conviction affirmed.