PEOPLE *v.* JONES
Opinion of the Court

1. Criminal Law—Appeal and Error—Confession of Error—Plea of Guilty—Confession—Polygraph Examinations—Evidentiary Hearing.

Cause remanded to trial court for the holding of an evidentiary hearing where defendant alleged he entered an uncounseled plea of guilty because he believed a coerced confession, extended interrogations and polygraph examinations he had taken made it an impossible case to defend and the Attorney General, who is the official representative of the people of the state in all criminal cases, at oral argument, formally confessed that the trial court erred in refusing to grant an evidentiary hearing to determine the fact questions (MCLA § 14.28).

Concurring Opinion
T. E. Brennan, J.

2. Criminal Law—New Trial—Affidavits—Plea of Guilty—Evidentiary Hearing.

*An evidentiary hearing upon the issues framed must be held whenever, on motion for new trial, the defendant presents an affidavit alleging facts, which if true, would impugn the voluntariness of his plea, and entitle him to a new trial, and counter-affidavits are presented, which if true, would negate involuntariness of the plea.*

3. Criminal Law—New Trial—Plea of Guilty.

*Defendant, who seeks a new trial on the ground that his prior plea of guilty was not voluntary, will be given a chance to prove, on remand, that he lied to the circuit judge when he made statements, which he now denies were true, that no one promised him anything to get him to plead guilty, that no one threatened him in any way to get him to plead guilty, and that he pled guilty freely and voluntarily because he committed the act charged.*

Reference for Points in Headnotes
[1–3] 29 Am Jur 2d, Evidence § 555 *et seq.*

Appeal from Court of Appeals, Division 1, Levin, P. J., and J. H. Gillis and V. J. Brennan, JJ., order denying application for leave to appeal from Tuscola, James P. Churchill, J.  Submitted June 9, 1971.  (No. 6 June Term 1971, Docket No. 52,876.) Decided July 7, 1971.

Robert D. Jones was convicted of armed robbery. Defendant's application for delayed appeal to the Court of Appeals denied. Defendant appeals. Remanded for evidentiary hearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for the people.

*Maurice C. Ransford,* for defendant on appeal.

T. M. KAVANAGH, C. J.  Defendant alleges he entered an uncounseled plea of guilty because he believed the coerced confession, the extended interrogations and the polygraph examinations he had taken made it an impossible case to defend.

The Attorney General, the official representative of the plaintiff in all criminal cases*, that is, the people of the State of Michigan, has in open court, at oral argument, formally confessed that the trial court erred in refusing to grant an evidentiary hearing to determine the fact questions; therefore It is ordered, that the above entitled cause be remanded to the trial court for the holding of an evidentiary hearing.  See *Pennsylvania* v. *Claudy* (1956), 350 US 116 (76 S Ct 223, 100 L Ed 126); *McMann* v. *Richardson* (1970), 397 US 759 (90 S Ct 1441, 25 L Ed 2d 763).

---

* MCLA § 14.28 (Stat Ann 1969 Rev § 3.181).  See *People* v. *Foster* (1966), 377 Mich 233.

Black, Adams, T. G. Kavanagh, Swainson and Williams, JJ., concurred with T. M. Kavanagh, C. J.

T. E. Brennan, J. (*concurring*). Defendant seeks a new trial, alleging that his prior plea of guilty was not voluntary.

In support of his motion for new trial, defendant filed an affidavit, alleging that a confession had been extracted from him by coercion and extended interrogation, and the threat of prosecution for murder, and that his plea of guilty was involuntary because, in light of confession, defendant felt "his case was a hopeless one."

The people, in response to the motion, submitted counter-affidavits averring that defendant had voluntarily and promptly confessed at the scene of his arrest; that defendant was in fact cleared of any implication in the murder. The people also submitted a transcript of a confession made by defendant, purporting to show that he was advised of his right to remain silent, and that his statement was free and voluntary.

In *People* v. *Taylor* (1970), 383 Mich 338, I wrote:

"The remedy of direct appeal, with its necessarily limited and record-circumscribed inquiry, is not the only route of attack upon a plea-based conviction. Frequently, the appeal is not directly from the conviction itself, but rather is from the trial court's denial of a motion for new trial. In such cases, trial courts, and appellate courts on review, must examine the allegations of the motion, the affidavits in support thereof, and the testimony, if any, adduced or offered upon the hearing on the motion.

"Generally, motions for new trial after plea-based convictions will follow one of two courses. Either they will allege that the plea was not voluntary, or that it was not true.

"To be successful upon the former ground, the motion and its supporting affidavits and proofs must satisfy the trial court by a preponderance of credible evidence that the plea was the product of fraud, duress, or coercion, or so devoid of understanding that the defendant could not be said to have been *sui juris.*" Pp 360, 361.

Whenever, on motion for new trial, the defendant presents an affidavit alleging facts which, if true, would impugn the voluntariness of his plea, and entitled him to a new trial, and counter-affidavits are presented, which if true, would negate involuntariness of the plea, an evidentiary hearing upon the issues thus framed must be held.

It is to be noted that, at the time of defendant's plea of guilty, the trial judge asked him these questions and received these answers:

"*Q.* Has anyone promised you anything to get you to plead guilty?

"*A.* No, sir.

"*Q.* Has anyone threatened you in any way to get you to plead guilty?

"*A.* No.

"*Q.* Do you plead guilty freely and voluntarily because you committed the act you are charged with?

"*A.* Yes, I do."

He now denies the truth of these statements. He will be given the chance to prove, on remand, that he lied to the circuit judge when he made them.

I cite this fact merely for the edification of those who still cling to the hope that 20 or possibly 200 "official questions" at plea taking will somehow reduce the torrent of collateral attacks on guilty-plea-based convictions.

No way, my friends. No way.