PEOPLE *v.* WANZER

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA.
  Denial of defendant's motion to withdraw his plea of guilty
  was not an abuse of discretion where the affidavit in support
  of the motion did not state facts, which, if true, would sub-
  stantiate the claim that defendant's plea was not freely, vol-
  untarily, and understandingly made and where there was no
  other substantiating affidavit nor any other evidence of any
  kind offered at the hearing on the motion.

Appeal from Kent, Stuart Hoffius, J.   Submitted
Division 3 August 31, 1971, at Grand Rapids.
(Docket No. 11039.)   Decided September 29, 1971.
Leave to appeal denied, 386 Mich 786.

Kenneth Wanzer was convicted, on his plea of
guilty, of attempt to utter and publish.   Defendant
appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Donald A. Johnston, III,*
Chief Appellate Attorney, for the people.

*Edward Malinzak,* for defendant on appeal.

Before: T. M. BURNS, P. J., and R. B. BURNS and
HOLBROOK, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Per Curiam. The defendant and a codefendant were charged with forgery and uttering and publishing. On the day set for trial, the information was amended to add a third count of attempt to utter and publish, MCLA § 750.92 (Stat Ann 1962 Rev § 28.287) and MCLA § 750.259 (Stat Ann 1962 Rev § 28.446), to which the defendant and his codefendant pled guilty. Three and one-half months after the sentencing the defendant filed a motion to withdraw the plea and his affidavit in support thereof. A hearing was held and the motion was denied.

The affidavit contained unspecific allegations and did not state facts, which if true, would substantiate the defendant's claim that the plea was not freely and voluntarily and understandingly made. *People v. James Smith* (1970), 27 Mich App 650 and *People v. Winegar* (1968), 380 Mich 719. Further, this Court is not impressed by the recanting statements of witnesses who claim they perjured themselves. *People v. Jimmerson* (1971), 30 Mich App 147.

The defendant was not denied an evidentiary hearing. *Cf. People v. Doster* (1970), 25 Mich App 169 and *People v. Jones* (1971), 385 Mich 288. Before denying the motion, the court commented on the fact that there was no other substantiating affidavit of any kind or any other evidence of any kind offered at the hearing. This Court will not consider the affidavit of the codefendant because it was not before the trial court. See *People v. Barron* (1970), 27 Mich App 379.

There was no abuse of the trial court's discretion in denying the motion to withdraw guilty plea. *People v. Sylvester Johnson* (1970), 25 Mich App 258. The issue raised is so unsubstantial as to require no argument or formal submission. The motion to affirm is granted.