PEOPLE v BUCHANAN

1. CRIMINAL LAW—PLEA OF GUILTY—MOTION TO WITHDRAW—VOLUN-
   TARINESS—EVIDENTIARY HEARING.

   Denial of a defendant's motion to withdraw a plea of guilty which
   attacked the voluntariness of the plea was improper where the
   trial court made factual determinations partially on the basis
   of an evidentiary hearing at which the defendant was not given
   the opportunity to be present and testify, and partially on
   evidence heard by the trier of fact in another proceeding in
   which the defendant was not even a party.

2. CRIMINAL LAW—PLEA OF GUILTY—EVIDENTIARY HEARING—IMPAR-
   TIAL JUDGE.

   A trial judge's candid expression of his opinion that a defendant
   who had been advised of his constitutional rights should not be
   granted an evidentiary hearing by the Court of Appeals to
   determine the voluntariness of his plea of guilty justified the
   requirement that the case on remand be assigned to another
   judge for all further proceedings.

Appeal from Muskegon, Charles A. Larnard, J.
Submitted Division 3 April 4, 1973, at Grand
Rapids. (Docket No. 13307.) Decided September 25,
1973.

L. T. Buchanan was convicted, on his plea of
guilty, of unarmed robbery. Defendant's motion to
withdraw his plea of guilty was denied. Defendant
appeals. Remanded with instructions for further
proceedings and sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Paul M. Ladas,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
[2] 21 Am Jur 2d, Criminal Law §§ 221, 222, 234 *et seq.*

Prosecuting Attorney, and *M. Dale Render,* Assistant Prosecuting Attorney, for the people.

*Fredric F. Balgooyen,* for defendant on appeal.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

CHURCHILL, J. On November 2, 1971, defendant L. T. Buchanan was convicted by a negotiated plea of guilty to unarmed robbery, MCLA 750.530; MSA 28.798, and on December 2, 1971, received a sentence of 12 to 15 years.

All issues raised on appeal in this case, except two, are the same as those considered by us in the companion case of *People v Means,* 49 Mich App 570; 212 NW2d 288 (1973), and what we said in that case about the manner in which sentences were determined and administered is incorporated herein by reference.

On January 21, 1972, defendant's appellate counsel filed a motion for leave to withdraw his plea of guilty. The motion, and the defendant's attached affidavit, assert his innocence and contain vague allegations about promises of leniency by his trial counsel. The affidavit states that he lied to help friends who were suspects in the same case, and that because of fear, he did not disclose all of the facts about his defense to his attorney. The affidavit doesn't specify when, to whom, nor in what respects he lied, nor how lying would have helped anyone, nor the cause of his fear, nor what facts were not disclosed to his attorney.

The affidavit appears to be a studied effort at ambiguity. Because of the failure to include substantial factual allegations to support the claim

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that the plea was not voluntary, the court would have been justified in refusing to grant a testimonial hearing. *People v James Smith,* 27 Mich App 650; 183 NW2d 866 (1970). Had this been done we can only speculate as to whether the defendant would have sought to file an amended affidavit to satisfy the substantial factual allegations requirement.

The procedure actually followed deprived the defendant of this opportunity, and also of other substantial rights.

After refusing to issue a writ of habeas corpus to bring the defendant back from prison to testify, on June 5, 1972, the trial judge did preside at a testimonial hearing at which the only witness was the defendant's trial attorney. The defendant's appellate counsel called the trial attorney as his witness, but we are satisfied that he had no other choice if he wanted the motion to be considered by the court. At the conclusion of the testimony by the trial lawyer the court denied the motion, stating among other things:

"The court has in its own mind the testimony that was developed on the trial of Milton Gooden and also the trial of Tommy Buchanan [the defendant's cousin]. The facts all fit from all four sources to support the proposition that the defendant at the time of his guilty plea was involved and that he was guilty in fact of armed robbery not unarmed robbery."

After reviewing what the defendant told the court when he pled guilty, the trial judge went on to say:

"If the Court of Appeals states that the trial court erred in refusing to grant an evidentiary hearing, then they may well do so, and if the Court of Appeals finds that he should come back obviously we will hold an

evidentiary hearing. I feel it would be a tragedy *[sic]* of justice to have this defendant withdraw his guilty plea after being advised of all his constitutional rights."

The trial court made factual determinations partially on the basis of an evidentiary hearing at which the defendant was not given the opportunity to be present and testify, and partially on evidence heard by the trier of fact in another proceeding in which the defendant was not even a party. This is not the type of evidentiary hearing ordered by the Supreme Court in *People v Jones,* 385 Mich 288; 188 NW2d 536 (1971), and in *People v Johnson,* 386 Mich 305; 192 NW2d 482 (1971).

The defendant is granted the opportunity to file an amended motion and affidavit attacking the voluntariness of his plea. If he does so the case will be assigned to another judge for all further proceedings. It is not our purpose to extend the rule set forth in *People v Frazier Walker,* 24 Mich App 360; 180 NW2d 193 (1970), *aff'd,* 385 Mich 596; 189 NW2d 41 (1971), beyond the actual trial situation. In this case, however, the trial judge's candid expression of his views about a testimonial hearing, if ordered, indicates the propriety of this requirement. We do not retain jurisdiction.

The defendant's sentence of 12 to 15 years was in violation of the indeterminate sentence statute as construed in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). The portion of the minimum sentence in excess of ten years is reversed. The valid remainder of the sentence is affirmed and his sentence now stands as 10 to 15 years. *Moore v Parole Board,* 379 Mich 624; 154 NW2d 437 (1967); *People v Hempton,* 43 Mich App 618; 204 NW2d 684 (1972); MCLA 769.24; MSA 28.1094.

All concurred.