PEOPLE v BOONE

1. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—SUPPORT IN RECORD.

Appellate review is limited in certain cases where the record made before a defendant tenders a guilty plea does not factually support claims the defendant wishes to urge on appeal; in such cases the defendant must first move in the trial court to set aside the plea, and seek a separate record factually supporting the claims advanced on appeal.

2. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—VOLUNTARINESS OF PLEA—DRUGS AND NARCOTICS—SUPPORT IN RECORD.

The defendant must first move in the trial court to set aside his guilty plea and seek a separate record factually supporting the claims advanced on appeal where a defendant alleges that his plea of guilty was involuntary because he was under the influence of drugs at the time and the trial court record does not reflect that fact.

3. CRIMINAL LAW—TESTIMONIAL HEARING—VOLUNTARINESS OF PLEA—WAIVER OF RIGHTS—APPEAL AND ERROR.

Claims of involuntary pleas of guilty must be heard by the trial judge and a testimonial hearing must be held, even in cases where the guilty plea proceeding contains a statement by the defendant that the plea is completely voluntary and that it is not induced by promises other than those on the record; this rule is in keeping with the strong constitutional mandate that a waiver of the right to proceed to trial must always be voluntary.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error §§ 398, 399.
Withdrawal of plea of guilty and substitution of plea of not guilty after conviction. 146 ALR 1430.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 485, 486, 505.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

4. CRIMINAL LAW—VOLUNTARINESS OF PLEA—AFFIDAVITS—EVIDEN-
   TIARY HEARING.
   A claim that a plea of guilty was involuntarily entered must be
   supported by an affidavit, and that affidavit must contain more
   than mere vague allegations in order to entitle the defendant
   to an evidentiary hearing on the voluntariness of his plea.

Appeal from Genesee, Harry B. McAra, J. Submitted February 9, 1976, at Lansing. (Docket No. 24965.) Decided April 27, 1976.

John H. Boone was convicted, on his plea of guilty, of assault with intent to rob being armed. Motion by defendant to set aside the plea and for a new trial denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Martin F. Palus,* for defendant on appeal.

Before: BRONSON, P. J., and McGREGOR and R. M. MAHER, JJ.

PER CURIAM. Defendant pled guilty to assault with intent to rob being armed, contrary to MCLA 750.89; MSA 28.284, and was sentenced to a prison term of from 7-1/2 to 15 years. About five months later, the defendant filed a motion to set aside the plea and for a new trial. The trial court denied that motion, and defendant appeals here.

Defendant based his motion below on the claim that his plea was not voluntary because he was under the influence of drugs when it was entered. He now argues that the trial judge erred in ruling on that claim without holding an evidentiary hear-

ing pursuant to *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). We disagree.

*People v Ginther, supra,* established a rule limiting appellate review in certain cases: If the record made before a defendant tenders a guilty plea does not factually support claims he wishes to urge on appeal, he must first move in the trial court to set aside the plea, and seek a separate record factually supporting the claims. See, also, *People v Taylor,* 387 Mich 209, 218; 195 NW2d 856 (1972). That rule applies to allegations by defendant that his plea was involuntary because he was under the influence of drugs at that time, if, as here, the record does not reflect that fact, *People v Kenny Smith,* 20 Mich App 307; 174 NW2d 8 (1969).

Claims of involuntary pleas must be heard by the trial judge, and a testimonial hearing held, even in cases where the guilty plea proceeding contains a statement by defendant that his plea is completely voluntary and that it is not induced by promises other than those on the record. That rule is stated in *People v Bartlett,* 17 Mich App 205, 218; 169 NW2d 337 (1969), as follows:

"We recognize that it is relatively easy for a defendant disappointed as to either the length of the sentence or distressed with his incarceration in prison to file the kind of affidavit that Bartlett filed in this case. Claims such as these are rightly looked upon with suspicion. Nevertheless, if Bartlett's assertions are true, he is entitled to withdraw the plea of guilty upon which he was convicted.

"There is no way that a trial judge or we can decide the truth or falsity of the defendant's assertions on affidavit without a testimonial hearing."

That rule is in keeping with the strong constitutional mandate that a waiver of the right to pro-

ceed to trial must always be "voluntary". See, *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

As the *Bartlett* Court points out, there is the potential for the assertion of a large number of frivolous claims that the plea was involuntarily entered. Consequently, the Michigan courts have imposed one limitation on the above rule. The assertion that defendant did not act voluntarily must be supported by an affidavit, and that affidavit must contain more than mere vague allegations, in order to entitle the defendant to an evidentiary hearing. *People v Scruggs,* 14 Mich App 47; 165 NW2d 316 (1968), *People v Kindell,* 17 Mich App 22; 168 NW2d 909 (1969), *People v Dickerson,* 17 Mich App 201; 169 NW2d 336 (1969), *People v Bartlett, supra, People v Wanzer,* 36 Mich App 169; 193 NW2d 384 (1971), *People v Buchanan,* 49 Mich App 574; 212 NW2d 290 (1973), *People v Winegar,* 380 Mich 719; 158 NW2d 395 (1968), *People v Williams,* 391 Mich 832 (1974).

Here, defendant tendered no affidavits at all, even though the very form on which defendant filed his motion indicated that necessary supporting affidavits should be attached. We hold that the trial judge properly ruled without a testimonial hearing on defense counsel's bare assertion that defendant "told me he was using drugs heavily" at the time of the plea. We further hold that the trial judge did not abuse his discretion in denying defendant's motion to set aside the plea.

Affirmed.