PEOPLE *v.* BARTLETT

1. CRIMINAL LAW—GUILTY PLEA—COURT RULE.
    The court rule for guilty pleas does not require that the offense
    to which the defendant pleads guilty must be established beyond
    peradventure before the trial judge may accept a proffered
    plea of guilty; it requires a reasonable ascertainment of the
    truth of the plea (GCR 1963, 785.3[2]).

2. CRIMINAL LAW—GUILTY PLEA—DOUBT OF GUILT.
    Doubt as to the defendant's guilt, even if entertained by the
    accused person himself, does not necessarily preclude a trial
    judge from accepting a plea of guilty (GCR 1963, 785.3[2]).

3. CRIMINAL LAW—GUILTY PLEA—TRUTH OF PLEA.
    The truth of a guilty plea has been reasonably ascertained when
    the trial judge, after questioning the defendant as required
    by court rule and case law, ascertains that there is a factual
    basis for the plea and that the plea is a truthful, honest plea
    of guilty to an offense of which the accused person might well
    be convicted upon trial (GCR 1963, 785.3[2]).

4. CRIMINAL LAW—GUILTY PLEA—MOTION TO WITHDRAW PLEA—
    EVIDENCE—PRELIMINARY EXAMINATION.
    The Court of Appeals may properly look at the preliminary
    examination testimony in considering a claim that there was
    not a factual basis justifying acceptance of a proffered plea
    of guilty, even though the defendant's probable guilt or in-
    nocence is not relevant on a motion for withdrawal of his
    guilty plea and the frequently one-sided preliminary examina-
    tion testimony may not be considered as a factor in granting
    or denying a motion to withdraw a guilty plea.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–10] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
    Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof.  97
    ALR2d 549.

5. CRIMINAL LAW—GUILTY PLEA—TRUTH OF PLEA.

There is a substantial basis for a proffered plea of guilty when it appears on the record that there is a factual basis for the defendant's plea—that upon trial he might well be convicted.

6. CRIMINAL LAW—UNARMED ROBBERY—GUILTY PLEA.

A plea of guilty of unarmed robbery need not be set aside because the defendant did not concede in his own words that the taking was accomplished either by force and violence or by assault or by putting the victim in fear, where the defendant might well have been convicted upon trial and there was a substantial basis for his plea of guilty to a reduced charge of unarmed robbery (CL 1948, § 750.530).

7. CRIMINAL LAW—GUILTY PLEA—COURT RULE.

Failure of a trial judge to comply with requirements imposed by court rules regarding the taking of guilty pleas does not automatically require setting aside of the plea (GCR 1963, 785.3[2]).

8. APPEAL AND ERROR—CRIMINAL LAW—GUILTY PLEA.

Truly harmless error should be ignored in the taking of a guilty plea as in other judicial proceedings (GCR 1963, 785.3[2]).

9. CRIMINAL LAW—GUILTY PLEA—INDUCEMENT.

A defendant is entitled to have his guilty plea set aside if the plea is induced by a promise by the prosecutor that is not kept.

10. CRIMINAL LAW—GUILTY PLEA—WITHDRAWAL OF PLEA—INDUCEMENT.

Denial of motion to withdraw guilty plea on the grounds that defendant had been promised that the minimum sentence would be no more than 3-1/2 to 5 years and the actual sentence was 7-1/2 to 15 years *held*, improper, where a testimonial record was not made before the court decided the defendant's motion.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 January 8, 1969, at Grand Rapids. (Docket No. 5,090.) Decided April 23, 1969.

James A. Bartlett was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Michael P. Reisterer,* Assistant Prosecuting Attorney, for the people.

*Richard L. Lang,* for defendant on appeal.

BEFORE: LEVIN, P. J., and HOLBROOK and DAN-HOF, JJ.

LEVIN, P. J. The defendant, James A. Bartlett, was convicted of the crime of unarmed robbery (MCLA § 750.530 [Stat Ann 1954 Rev § 28.798]) upon his plea of guilty. He appeals, claiming:

(1) that the trial judge did not comply with the requirements of GCR 1963, 785.3 in that, before accepting the defendant's guilty plea and sentencing, he did not, by direct questioning of the defendant, establish the crime and the defendant's participation in its commission as required by *People* v. *Barrows* (1959), 358 Mich 267, 272 (see, also, *People* v. *Perine* [1967], 7 Mich App 292, and *People* v. *Mason* [1968], 13 Mich App 277);

(2) that the plea of guilty was induced by a promised sentence concession which was not fulfilled at the time of sentencing.

I.

The record shows that the trial judge carefully examined the defendant concerning the facts before accepting the defendant's proffered plea of guilty. In response to the judge's inquiries the defendant

stated that he ran up to a woman who was standing by a car and took her purse. The defendant was unable to remember whether she was carrying her purse or whether it was lying on the hood of her car, "All I know is I just grabbed it. I can't remember whether she had it in her hand or what. I know she had her hand on the door—she was opening the door." All he could remember was grabbing the purse and running off with it.

The defendant's statements established that the purse was taken from the presence of the victim. They did not establish another essential element of the crime of robbery—that the taking was accomplished either by force and violence or by assault or by putting her in fear. The defendant's argument is based on the absence of the latter ingredient. The defendant's statements to the judge did not show that the victim was aware that her purse was being taken until after it was taken. Thus, the defendant argues, the purse not having been wrested from the victim's grasp, the larceny was not accomplished by force and violence, and, since she was unaware of the defendant's presence, the larceny was accomplished without putting her in fear or an assault upon her person. See 46 Am Jur, Robbery, §§ 15 and 16. See, generally, *People* v. *Kruper* (1954), 340 Mich 114, 121.

The court rule does not, however, require that the offense to which the defendant pleads guilty must be established beyond peradventure before the trial judge may accept a proffered plea of guilty. It requires, in the words of the *Barrows* Court (p 272), "reasonable ascertainment of the truth of the plea."

 · Doubt as to the defendant's guilt, even if entertained by the accused person himself, does not necessarily preclude a trial judge from accepting a plea of guilty. If the trial judge, after the direct ques-

tioning of the defendant required by the court rule
and *Barrows,* ascertains that there is a factual basis
for the plea, that the plea is a truthful, honest plea
of guilty to an offense of which the accused person
might well be convicted upon trial, then the truth
of the plea has been reasonably ascertained.

In this case there is no reason to believe that the
defendant's plea of guilty was not an understand-
ing plea *(Cf. People* v. *Ferguson* [1968], 13 Mich
App 362) even though it does not affirmatively ap-
pear in the record that the defendant was aware of
all the essential elements of the crime of robbery.[1]

The original information charged the defendant
with armed robbery. MCLA § 750.529 (Stat Ann
1969 Cum Supp § 28.797). The information was
later amended to add a second count for unarmed
robbery. The victim testified at the preliminary
examination that her assailant was armed with a
gun and that her purse was taken from her under
the threat of that assault. She could not identify
the defendant. However, other witnesses who testi-
fied at the examination identified the defendant as
her assailant.

The record does not show whether there was pros-
ecutor-defense bargaining for the charge concession

---

[1] The preliminary examination testimony strongly supported the
originally charged offense of armed robbery (see accompanying text,
*infra*). The possibility that the defendant would be acquitted upon
trial because the jury entertained a reasonable doubt whether the
victim's assailant obtained her purse by stealth rather than by force
and violence or by assault or by putting her in fear was so remote
as to be theoretical. The defendant's uncertain recollection as to
whether he took the purse from the hood of the car or from the
victim's grasp was not likely to outweigh the positive testimony of
the other witnesses that the assailant obtained the purse under threat
of a drawn gun. The defendant was represented by counsel and was
allowed to plead guilty to the lesser offense of unarmed robbery.
We are convinced that when he pled guilty the defendant was ade-
quately informed and knew what he was doing and why he was
doing it. To set aside this conviction because the trial judge did
not explicate the essential ingredients of the crime of robbery and
relate those ingredients to the defendant's responses to the judge's
questions would be to exalt form over substance.

reducing the offense from armed to unarmed robbery.[2]

While the defendant's probable guilt or innocence is not relevant on a motion for withdrawal of his guilty plea[3] and the "frequently one-sided preliminary examination testimony" may not be considered as a factor in granting or denying a motion to withdraw a guilty plea (*People* v. *Zaleski* [1965], 375 Mich 71, 81), we may properly look at the testimony at the preliminary examination in considering a claim that there was not a factual basis justifying acceptance of a proffered plea of guilty.

"While it would be improper for a court to accept such a [guilty] plea unless satisfied there was significant evidence that the accused was involved or implicated in the offense, the court is not required to insist that the accused concede the inevitability or correctness of a verdict of guilty were the case tried." *McCoy* v. *United States* (1966), 124 App DC 177, 179 (363 F2d 306, 308).

Similarly see *Bruce* v. *United States* (1967), 126 App DC 336, 342 (379 F2d 113, 119); *Griffin* v. *United States* (1968), 132 App DC 108 (405 F2d 1378).[4]

---

[2] Immediately upon acceptance by the court of the defendant's plea of guilty to the added count of unarmed robbery, the chief assistant prosecuting attorney stated that the people would move to dismiss the armed robbery count at the time of sentence. Immediately upon sentencing, the people moved to dismiss the armed robbery count and it was dismissed.

[3] *Cf. Kaufman* v. *United States* (1969), 394 US 217 (89 S Ct 1068, 22 L Ed 2d 227) (per Harlan and Stewart, JJ).

[4] In *Griffin* v. *United States, supra,* the defendant was charged with and convicted of second-degree murder (first count) and of carrying a dangerous weapon (second count). During the course of trial the government agreed to accept a plea of guilty of manslaughter on the first count and a plea of guilty of carrying a dangerous weapon on the second count. The defendant was then examined by the judge, following which his plea was rejected because the court was concerned about the existence of an issue of self-defense arising from the defendant's statements. The trial resumed and the defendant was convicted of both second-degree murder and carrying a dangerous weapon. The United States Court

A defendant who desires to plead guilty to a reduced charge but who entertains doubt as to his guilt should not be required to stultify himself to obtain the benefit of the opportunity to plead to the lesser charge. A rule of law which would require a person desiring to offer a plea of guilty to admit the inevitability of his conviction upon trial would require an accused person who thinks he has a defense but might well be convicted to either state to the court that which he does not conscientiously believe or possibly forego the very real benefit of "copping out" to an offense carrying a shorter sentence than that of which he might well be convicted upon trial.

Our concern that there be a substantial basis for the proffered plea of guilty is satisfied when it appears on the record that there is a factual basis for the defendant's plea—that upon trial he might well be convicted. That the defendant Bartlett might well have been convicted upon trial, that there was a substantial basis for his plea of guilty to the reduced charge of unarmed robbery, clearly appears on this record and his plea of guilty need not be set aside because he did not concede in his own words a necessary element of the offense of robbery.

---

of Appeals for the District of Columbia vacated the conviction on the first count and authorized the defendant to withdraw his plea of not guilty to that count and to plead guilty of manslaughter, declaring, "Appellant's inconsistencies did not afford good ground for refusing the plea. The discretion [of the trial judge] is to be exercised in relation to the problem as it is presented, which is usually, as it was here, a composite of factors. One is the desirability of encouraging guilty pleas where the prosecution, as in this case, was satisfied that because of doubt as to just what occurred or for other reasons it need not seek a verdict for the most severe offense charged. As we said in *McCoy* v. *United States, supra,* a guilty plea should not be refused without good reason even though it be to a lesser included offense. * * *

"The plea may be accepted 'even though defendant accompanies his plea with a statement that he is not guilty, on a determination that incriminatory evidence establishes such a high probability of conviction as to satisfy the requirement that there be a "factual basis for the plea" before judgment can be entered thereon.' "

*Addendum to I.* (April 21, 1969):

The opinion in this case was written and approved by the panel of this Court to which the case was submitted before the United States Supreme Court decided *McCarthy* v. *United States* (1969), 394 US 459 (89 S Ct 1166, 22 L Ed 2d 418). In that case the Court construed Fed Rules Crim Proc 11, which provides that a United States district judge shall not accept a guilty plea "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

In *McCarthy* the United States Supreme Court made a number of statements which, if literally applied in this case, might be thought to require a setting aside of Bartlett's plea of guilty and of his conviction based thereon:

"Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an *understanding of the law in relation to the facts.* * * *

"The judge must determine 'that the conduct which the *defendant admits* constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.'[5] Requiring this *examination of the relation between the law and the acts the defendant admits having committed* is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actu-

[5] Fed Rules Crim Proc, 11, Notes of Advisory Committee on Criminal Rules.

ally fall within the charge.'⁶" (Emphasis supplied.)
The Court declared that if a district judge accepts
a guilty plea "without *fully* adhering to the proce-
dure provided for in rule 11" (emphasis supplied),
the defendant is "entitled to plead anew" and, thus,
upon appeal from a conviction based on a plea of
guilty accepted without full adherence to the re-
quirements of rule 11, the plea and conviction must
be set aside.

We have decided that we should not change this
opinion for the reasons which follow:

*First.* The *McCarthy* Court expressly stated that
the decision in that case was "based solely upon our
[the United States Supreme Court's] construction
of rule 11 and is made pursuant to our supervisory
power over the lower Federal courts; we do not
reach any of the constitutional arguments petitioner
urges as additional grounds for reversal." Thus,
the *McCarthy* opinion does not control decision in
this case.

*Second.* The standards adopted in *McCarthy* for
the Federal courts have been rejected by the Michi-
gan Supreme Court. In Michigan mere failure of
a trial judge to comply with court-rule-imposed re-
quirements regarding the taking of guilty pleas does
not automatically require setting aside of the plea.
*People* v. *Stearns* (1968), 380 Mich 704, 713; *People*
v. *Dunn* (1968), 380 Mich 693, 697, 700, 701; *People*
v. *Winegar* (1968), 380 Mich 719, 731–733.⁷

---

6 *Ibid.*

7 "We here hold that the meaning of the 'consequence' of a plea
of guilty, within the wording of the rule, is that an accused, by
so pleading, waives his right to trial by jury, or trial without a
jury by the court, and that additionally the accused subjects himself
to whatever penalty is prescribed by law, including possible confine-
ment in a penal institution. Under the rule, the accused must be
advised minimally of the foregoing. *Any additional information
the trial judge is disposed to give to an accused rests in his discre-
tion to be exercised according to the circumstances.*" (Emphasis
supplied.) *People* v. *Dunn* (1968), 380 Mich 693, 700, 701.

*Third.* In *McCarthy,* unlike the case at bar, there was no factual basis of record for the acceptance of the plea. In this case, as previously set forth, the record shows a high probability that had Bartlett stood trial he would have been convicted of a more serious offense than the one to which he was allowed to plead guilty.

*Fourth.* Even if, in the light of *McCarthy,* the Michigan Supreme Court were to reconsider its prior statements on the subject and to adopt the *McCarthy* reasoning, it is greatly to be doubted whether any such change would be made retroactive to pleas of guilty theretofore accepted.

*Fifth.* Even if Michigan were to adopt the *McCarthy* approach and to require trial judges to inform an accused person of the essential elements of the offense and (in a case such as this where it appears from the defendant's recital of the events he "admits" that he might have a defense of which he may not be aware) oblige the trial judge to point out possible defenses so that the defendant will have "an understanding of the law in relation to the facts," it is much to be doubted whether failure of a trial judge to comply with such a requirement and of the record affirmatively to show the defendant's understanding of the law in relation to the facts will ever be regarded as automatically requiring the setting aside of a guilty plea.

To reverse automatically for any and every failure to comply with such court rule imposed requirements might well in the long run prove self-defeat-

---

"[A] plea of guilty should not be set aside after sentence merely because the verbatim record does not affirmatively show compliance *in illis verbis* with GCR 1963, 785.3(2)." *People* v. *Winegar* (1968), 380 Mich 719, 731 (BRENNAN, J. speaking for himself and 3 other justices).

"The mere fact that there has been a failure to follow the court rule, in and of itself, does not result in reversible error". *People* v. *Stearns* (1968), 380 Mich 704, 713 (ADAMS, J. dissenting).

ing.  If reversal were automatic, then in order to protect convictions based upon guilty pleas, trial judge examination of guilty pleaders would tend to become stereotyped, and technical compliance would appear to some to be more important than the substance of the matter.  A trial judge can justifiably be expected to comply with the court rules but if he makes a good-faith effort to do so and the purpose sought to be attained by the examination of the accused has been achieved—as is clearly true in this case—it would be more destructive than preservative of the judicial process to reverse as a matter of course for noncompliance with the court rule.

In the taking of a guilty plea as in other judicial proceedings truly harmless error should be ignored.[8]

## II.

We turn to the second issue posed by the defendant.  Following his conviction the defendant moved to withdraw his plea of guilty on the ground that he had been promised that the minimum sentence would be no more than 3-1/2 to 5 years.  The actual sentence meted out to him was not less than 7-1/2 years nor more than 15 years.  His motion was supported with an affidavit which contained the following statements:

"That deponent's court-appointed counsel, Eric Brown, Jr., and certain police officers, advised deponent that if he would agree to plead guilty to the charge of unarmed robbery, that the armed robbery

---

[8] The *McCarthy* Court footnoted its opinion (footnote 20) with the following: "In all such inquiries [by the trial judge of a guilty pleading accused] '[m]atters of reality, and not mere ritual, should be controlling.'  *Kennedy* v. *United States* (CA 6, 1968), 397 F2d 16, 17."

charge would be dropped and that representations by said persons were made to said deponent to the effect that he would receive no more than 3–1/2 to 5 years as the minimum sentence.

"That based upon this representation from said attorney, allegedly based upon conversations with the prosecuting attorney and recommendations that said prosecuting attorney would make to the court, said deponent did plead guilty to unarmed robbery.

"That said attorney and other persons were not authorized to make such representations to said deponent or to lead him to believe any such sentence would be limited as indicated and that because of these representations, said plea of guilty was not voluntarily made without undue influence."

The defendant's motion was denied. The order denying the motion contains the statement that, before entering the order of denial, the court heard arguments of counsel for the defendant and the prosecuting attorney. However, it does not appear that a testimonial record was made before the court decided to deny the defendant's motion.

In the case of *In re Valle* (1961), 364 Mich 471, it was held that where the defendant's plea of guilty had been induced by a statement of the prosecutor that he would not be opposed to probation with a 6-month jail term but the defendant was sentenced to a term of 5 to 15 years, his sentence should be set aside. The United States Supreme Court has also held that if a plea of guilty is induced by a prosecutorial promise that is not kept, the defendant is entitled to have his guilty plea set aside. *Machibroda* v. *United States* (1962), 368 US 487, 494 (82 S Ct 510, 514, 7 L Ed 2d 473, 478, 479).

We, of course, have no way of knowing whether there were any conversations regarding the defendant's sentence between the defendant's trial coun-

sel[9] and the prosecuting attorney and, if so, the nature of such conversations. In one paragraph of his affidavit the defendant asserts that he was promised he would receive no more than 3–1/2 to 5 years as the minimum sentence. In the next paragraph he speaks of "recommendations" that the prosecuting attorney allegedly promised to make to the court. Under *Valle* it makes no difference whether the prosecutor promised the defendant a reduction in sentence or merely promised that he would recommend a particular sentence (pp 477, 478):

"It is true that an astute lawyer would realize, as the people point out, that the prosecutor could not bind the judge, and, indeed, that the prosecutor's non-opposition to jail-plus-probation is not the same as his approval or recommendation thereof. But the inquiry in these circumstances is not what an astute lawyer would take as the meaning of the words used. In this situation we do not require that the promise of leniency be established beyond any doubt whatever, or even beyond any reasonable doubt in the mind of one learned in the law and acquainted with judicial administration. The requirement is far less stringent: If the evidence establishes that the prosecutor or the judge has made a statement which fairly interpreted by the defendant (in our case of foreign extraction and with only an eighth-grade education, presumably in court for the first time) is a promise of leniency, and the assurance is unfulfilled, the plea may be withdrawn and the case proceed to trial."

If the prosecuting attorney represented that he would see to it that the defendant Bartlett would receive a minimum sentence of no more than 3–1/2

---

[9] The defendant was represented by counsel at the preliminary examination and when the plea of guilty of unarmed robbery was offered and accepted by the trial court and at the time of sentencing.

to 5 years or would recommend such a sentence to the court, then the defendant is entitled to withdraw his guilty plea.

If Bartlett's trial counsel made false representations as to conversations with the prosecuting attorney concerning the length of the sentence which Bartlett would receive, this would present an entirely different issue than a mere erroneous prediction by overly optimistic defense counsel. See *People* v. *Byrd* (1968), 12 Mich App 186, 226, 227, per LEVIN, J. concurring.

We recognize that it is relatively easy for a defendant disappointed as to either the length of the sentence or distressed with his incarceration in prison to file the kind of affidavit that Bartlett filed in this case. Claims such as these are rightly looked upon with suspicion. Nevertheless, if Bartlett's assertions are true, he is entitled to withdraw the plea of guilty upon which he was convicted.

There is no way that a trial judge or we can decide the truth or falsity of the defendant's assertions on affidavit without a testimonial hearing. *People* v. *Jackson* (1968), 13 Mich App 52. The defendant's affidavit is in sufficient detail, both as to the nature of the promises and the persons who are alleged to have made them, so that, on the facts of this case, the defendant is entitled to a testimonial hearing to determine whether the alleged representations concerning length of sentence were in fact made to him.[10]

We have considered that, at the time of arraignment on the information, the defendant was asked by the trial judge whether "anyone made any promises to you that you would get off easy if you entered

---

[10] Contrast *People* v. *Scruggs* (1968), 14 Mich App 47, and *People* v. *Dickerson* (1969), 17 Mich App 201, where the defendants' affidavits were deemed so deficient that our Court refused to order a testimonial hearing.

a plea of guilty? When I say that I mean anybody, police officers, sheriff's department, prosecutor's office," to which the defendant responded negatively. Perhaps, as defendant's appellate counsel suggests, defendant did not regard the sentence allegedly promised him (3–1/2 to 5 years minimum) as "getting off easy." *Cf. In re Valle, supra,* p 478.

This case is remanded to the trial court for a testimonial hearing as to whether the representations alleged to have been made to the defendant Bartlett by his counsel were, in fact, made to him, the nature of any representations made by the prosecuting attorney or other State officials to the defendant's attorney or to the defendant, and for further proceedings consistent with this opinion.

All concurred.