PEOPLE v SLEDGE

Docket No. 149730. Submitted November 18, 1992, at Detroit. Decided February 16, 1993, at 9:00 A.M.

Cleophus D. Sledge pleaded guilty of armed robbery in the Detroit Recorder's Court, John Patrick O'Brien, J., and was sentenced to ten to twenty-five years' imprisonment. He moved to withdraw the plea, alleging that it was not knowingly, understandingly, or voluntarily made because it was induced by his attorney's promise that the sentence would be no more than three to eight years. The court, following a hearing during which it did not receive testimony or comment about the defendant's allegations, denied the motion. The defendant appealed.

The Court of Appeals *held:*

A defendant who claims that a guilty plea was induced by an attorney's promise that the sentence would be less than that imposed is entitled to an evidentiary hearing concerning the claim where the defendant has submitted an affidavit that is sufficient in detail with regard to the nature of the promise and the person who made it and has complied with the requirements of MCR 6.311, which governs withdrawal of guilty pleas.

Reversed and remanded for an evidentiary hearing.

DOCTOROFF, C.J., concurring, stated that, although an evidentiary hearing is appropriate under the circumstances of this case, the submission of an affidavit alleging that a plea was induced by an attorney's promise of leniency should not automatically entitle a defendant to an evidentiary hearing, and that the determination of the necessity of such a hearing should be left to the discretion of the trial court.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Philip X. Walling,* for the defendant on appeal.

Before: DOCTOROFF, C.J., and MURPHY and CAVANAGH, JJ.

CAVANAGH, J. Defendant, Cleophus D. Sledge, pleaded guilty of armed robbery, MCL 750.529; MSA 28.797, and was sentenced to a prison term of ten to twenty-five years. In this appeal, brought as of right, defendant contends that he was entitled to an evidentiary hearing regarding his claim that the guilty plea was induced by a promise by his attorney that he would receive a lesser sentence than the one imposed. We agree and remand for an evidentiary hearing.

According to the record, defendant filed a motion to withdraw his plea or for an evidentiary hearing, alleging that his plea was not knowingly, understandingly, or voluntarily made because he did not receive the sentence promised by his attorney. In an affidavit attached to the motion, defendant claimed that he pleaded guilty because his attorney promised him he would be sentenced to no more than three to eight years. The trial court held a brief hearing regarding defendant's motion and, without receiving testimony or commenting about defendant's allegations, denied his motion.

As early as 1961, our Supreme Court expressed its concern with guilty pleas unlawfully induced. See *In re Valle,* 364 Mich 471; 110 NW2d 673 (1961). In such a situation, if the evidence established that the plea was induced by an unfulfilled promise of leniency, the plea could be withdrawn. *Id.* at 477-478. The Court went on to explain, in *People v Taylor,* 383 Mich 338, 359; 175 NW2d 715 (1970), that the question "[w]hether or not a plea of guilty was offered voluntarily [is] a question of fact."

A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompli-

ance with the requirements of the court rules that govern pleas unless the defendant has moved to withdraw the plea in the trial court. MCR 6.311(C). To prevail on the motion, "the motion and its supporting affidavits and *proofs* must satisfy the trial court by a preponderance of credible evidence that the plea was the product of fraud, duress, or coercion." *Taylor, supra* at 361 (emphasis added).

If there is no record of the trial court proceedings and a reviewing court has no basis for determining whether the trial court abused its discretion in denying the defendant's motion, the case has to be remanded for an evidentiary hearing. *People v Johnson,* 386 Mich 305, 314; 192 NW2d 482 (1971). Also see the order of the Supreme Court in *People v Westfield,* 406 Mich 957 (1979), vacating the Court of Appeals decision "insofar as it holds that the defendant is not entitled to an evidentiary hearing" and remanding the matter for an "evidentiary hearing on defendant's claim that his plea was induced by a promise from his attorney that he would receive a lesser sentence than he received. *People v Ginther,* 390 Mich 436 [212 NW2d 922] (1973); *People v Hall,* 399 Mich 288, 291 [249 NW2d 62] (1976)."

In spite of the consistent approach taken by the Supreme Court, this Court has only "occasionally remanded to the trial court for a hearing on the alleged promises of leniency." *People v Schirle,* 105 Mich App 381, 385; 306 NW2d 520 (1981). We attribute this apparent inconsistency to the requirement imposed by this Court that a defendant's claim be supported by an affidavit containing "more than mere allegations." *People v Boone,* 68 Mich App 650, 653; 244 NW2d 4 (1976). Contra *People v Sanders,* 54 Mich App 541, 545; 221 NW2d 243 (1974).

Because we agree that "[t]here is no way that a

trial judge or we can decide the truth or falsity of the defendant's assertions on affidavit without a testimonial hearing," *People v Barlett,* 17 Mich App 205, 218; 169 NW2d 337 (1969), and because we believe that our decision is consistent with Supreme Court precedent, we now hold that a defendant is entitled to an evidentiary hearing to determine whether representations concerning the length of the sentence were made where the defendant has submitted an affidavit sufficient in detail with regard to the nature of the promises and the persons who made them, and complied with the preservation requirements of MCR 6.311.

Reversed and remanded for an evidentiary hearing regarding defendant's motion for the withdrawal of his guilty plea. We retain jurisdiction.

MURPHY, J., concurred.

DOCTOROFF, C.J. *(concurring.)* While I agree that a remand is appropriate under the facts of this case, I write separately to make it clear that I do not believe that a defendant's mere presentation of an affidavit asserting that a promise of leniency has been made will warrant an evidentiary hearing in every case. In this case, a review of the affidavit and the transcript of the motion to withdraw the plea indicates that defendant presented sufficient facts to warrant a full evidentiary hearing with respect to his allegations of promised leniency. Thus, I agree with the majority that the trial court did not make sufficient findings with regard to why it was denying defendant's motion and should have conducted an evidentiary hearing to evaluate the merits of the allegations.

However, I believe that it is too broad a holding to say that a defendant who presents an affidavit alleging that his plea was given under a promise

of leniency is automatically entitled to an evidentiary hearing to determine whether the claim has merit. Unlike the majority, I would limit the defendant's right to an evidentiary hearing to those situations where, as here, it is clear that the defendant has presented enough proof that his plea was predicated on a promise of leniency so as to make an evidentiary hearing necessary. Given the limited judicial resources and the nature of the plea proceedings as governed by MCR 6.302, I believe that the question whether a defendant is entitled to an evidentiary hearing should be left to the sound discretion of the trial court.